IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD J. KREWAY** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-00332 |
| | § | |
| **COUNTRYWIDE BANK, FSB;** | § | |
| **COUNTRYWIDE HOME LOANS, INC.;** | § | |
| **BANK OF AMERICA, N.A.; THE BANK** | § | |
| **OF NEW YORK MELLON AS** | § | |
| **TRUSTEE FOR THE CHL MORTGAGE** | § | |
| **PASS-THROUGH TRUST SERIES 2007-** | § | |
| **21; CWMBS, INC.; AND MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION** | § | |
| **SYSTEMS, INC. AKA "MERS"** | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Countrywide Bank, FSB ("Countrywide")[1], Countrywide Home Loans, Inc. ("CHL"); The Bank of New York Mellon as Trustee for the CHL Mortgage Pass-through Trust Series 2007-21 ("BONYM"); CWMBS, Inc.; Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "Defendants"), by and through its undersigned counsel, and hereby remove this action to the United States District Court for the Western District of Texas, San Antonio Division. This case is removed based on the Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, & 1446, and in support thereof Defendants respectfully state as follows:

---

[1] Countrywide was erroneously sued as it no longer exists. Effective April 27, 2009, Countrywide Bank, FSB converted to a national banking association under the title of Countrywide Bank, N.A., and immediately thereafter, Countrywide Bank, N.A. merged with and into Bank of America, N.A.

## I. INTRODUCTION

1. On April 3, 2015, Plaintiff Richard J. Kreway ("Plaintiff") filed his Original Petition (the "Complaint"), Case No. 2015CI05566 in the 45th Judicial District Court for Bexar County, Texas (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendants are attached hereto as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

3. The State Court Action was initiated by Plaintiff on April 3, 2015. *See* Exh. A, Compl. Less than thirty (30) days have passed since Plaintiff initiated the State Court Action and/or Defendants were served with process, and, thus, removal is timely. 28 U.S.C. § 1446(b)(1).

## IV. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction over the claims and parties in the State Court Action pursuant to 28 U.S.C. § 1332. The Court has diversity jurisdiction over this case because the properly joined parties in this case are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A. There is Complete Diversity of the Properly Joined Parties**.

5. Upon information and belief, Plaintiff is a citizen and resident of Texas. *See* Exh. A, Compl. at 1.

6. BANA is a citizen of North Carolina under the rules for determination of the citizenship for national banking associations because North Carolina is the state where its main office is located, as provided in its articles of association. *See* 28 U.S.C. § 1348; *see also Hill v.*

*Bank of Am. Corp.,* No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) (Bank of America, N.A. is a national banking association located in the state of North Carolina, as designated in its articles of association). Accordingly, BANA is a citizen of North Carolina.

7. MERS is a citizen of Delaware and Virginia based on the rules for determining citizenship of a corporate entity because MERS is incorporated in Delaware and maintains its principal place of business in Virginia. *See Crear v. JP Morgan Chase Bank, N.A.*, Case No. 10-10875, 2011 WL 1129574, at *2 (5th Cir. 2011) ("[F]or diversity purposes, [MERS'] citizenship is tied to its principal place of business (Virginia) or its state of incorporation (Delware). MERS is not a citizen of Texas.").

8. CHL is a New York corporation with its principal place of business in California. Therefore, CHLI is a citizen of New York and California.

9. BONYM is a citizen of is a national banking association with its main office in New York as designated in its articles of association. As a national banking association, BONYM's citizenship is determined solely by the location of its main office, as designated in its articles of association.[2] Accordingly, BONYM is a citizen of New York.

10. CWMBS, Inc. is a Delaware corporation with its principal place of business located in California. Accordingly, CWMBS is a citizen of Delaware of California for diversity jurisdiction purposes.

11. Because Plaintiff is a citizen of Texas, BANA is a citizen of North Carolina, MERS is a citizen of Virginia and Delaware, BONYM is a citizen of New York, CHL is a citizen of New York and California, and CWMBS is a citizen of Delaware or California, complete diversity exists for purposes of removal under 28 U.S.C. §§ 1332 & 1441.

---

[2] *Wachovia v. Schmidt,* 546 U.S. 303, 307 (2006); 28 U.S.C. §1348.

**B.     The Amount in Controversy Exceeds $75,000.00.**

12.    Plaintiff seeks relief in the form of temporary and permanent injunctions prohibiting Defendants from foreclosing on the Property. *See* Exh. A, Compl. at 40-41.

13.    Where the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy. *Nationstar Mortg., L.L.C. v. Knox,* 351 Fed. App'x. 844, 848 (5th Cir. 2009) (quoting *Hunt v. Washington State Apple Advertising Comm'n,* 432. U.S. 333, 347 (1977)); *Leininger v. Leininger,* 705 F.2d 727 (5th Cir. 1983); *Govia v. JPMorgan Chase Bank, N.A.,* No. G-10-3482, 2010 WL 5140064 (S.D. Tex., Dec. 9, 2010); *Lemessa v. Wells Fargo Bank, N.A.,* No. G-10-0478, 2010 WL 5125956, at *1 (S.D. Tex, Dec. 9, 2010)*; Bardwell v. BAC Home Loans Servicing, L.P.,* No 3:11-cv-10020B, 2011 WL 4346328 *2 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP,* Civil Action No. SA-09-CA-951-FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

14.    In this instance, the total value of the subject property amounts to $1,381,560.00 in 2014, according to the Bexar County Central Appraisal District's appraisal of the property.[3] *See* Bexar County Appraisal District Real Property Account Information, attached hereto as **Exhibit B**. Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332 & 1441.

### V.     VENUE

15.    Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes

---

[3] It is appropriate for this Court to take judicial notice of the Bexar County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker,* 631 F.3d 777, 783 (5th Cir. 2011).

Bexar County, Texas, which is the location of the State Court Action. 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

## VI. ADDITIONAL REQUIREMENTS

16. In accordance with 28 U.S.C. § 1441(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Bexar County District Court.

17. All Defendants consent to removal of this action to this Court, as evidenced by the Defendants' submission of the Notice of Removal.

18. Plaintiff requests a jury trial. *See* Exh. A, Compl.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1332, 1441, & 1446, Defendants hereby give notice that Case No. 2015CI05566, in the 45th Judicial District Court for Bexar County, Texas has been removed to this Court.

DATED: April 27, 2015

                Respectfully Submitted,

                /s/ Jameson Watts
                Jameson J. Watts
                Texas Bar No. 24079552
                SDTX Bar No. 1314527
                WINSTON & STRAWN LLP
                1111 Louisiana Street, 25th Floor
                Houston, TX 77002
                Tel. (713) 651-2600
                Fax (713) 651-2700
                jwatts@winston.com

                **COUNSEL FOR DEFENDANTS**

HO:49321.1

## CERTIFICATE AND NOTICE OF FILING

I certify that on April 27, 2015 this Notice of Removal was filed with the Clerk of the District Court, Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested and via Regular Mail, upon counsel of record.

/s/ Jameson Watts
Jameson J. Watts

## CERTIFICATE OF SERVICE

I certify that on April 27, 2015 a correct copy of the foregoing Notice of Removal was filed with the Court via CM/ECF and further served on counsel of record as follows:

*Via C.M. R.R.R.#7196 9008 9111 2504 9457*
*And via Regular Mail*
Chad D. Elrod
Jeffrey C. Jackson
Jackson & Elrod, LLP
2200 N. Loop West, Ste. 108
Houston, Texas 77018
*Counsel for Plaintiff*

/s/ Jameson Watts
Jameson J. Watts