**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RICHARD J. KREWAY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:15-cv-00332** |
| | § | |
| **COUNTRYWIDE BANK, FSB;** | § | |
| **COUNTRYWIDE HOME LOANS, INC.;** | § | |
| **BANK OF AMERICA, N.A.; THE BANK** | § | |
| **OF NEW YORK MELLON AS** | § | |
| **TRUSTEE FOR THE CHL MORTGAGE** | § | |
| **PASS-THROUGH TRUST SERIES 2007-** | § | |
| **21; CWMBS, INC.; AND MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION** | § | |
| **SYSTEMS, INC. AKA "MERS"** | § | |
| | § | |
| **Defendants.** | § | |

<u>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION AND**</u>
<u>**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................. 1

II.    ARGUMENT AND AUTHORITIES .................................................................... 4

    A.    Applicable Legal Standard ......................................................................... 4

    B.    BANA Has the Authority To Foreclose ..................................................... 4

        1.    Plaintiff's Challenge to BANA's Authority To Foreclose Based on the "Split the Note" Theory Fails as a Matter of Law. ................................5

        2.    Plaintiff Lacks Standing To Challenge the Assignment. .....................6

        3.    Plaintiff's Challenge to MERS's Ability to Assign the Deed of Trust Fails. ................................................................................................8

        4.    Mortgagee BANA Has Standing To Foreclose, and Plaintiff's Assertions to the Contrary Have No Merit. ..........................................9

    C.    Plaintiff's Complaint Fails To Plead any Cognizable Causes of Action. ................... 10

        1.    Plaintiff Fails To State A Cognizable Claim for Violation of the Texas Property Code (Count I) ................................................................10

            a)    Section 51.0075(e) ...................................................................10

            b)    Section 51.0025 .......................................................................10

        2.    Plaintiff Fails to State a Cognizable Claim for Lack of Standing to Foreclose as a Real Party in Interest (Count II) .................................11

        3.    Plaintiff Fails to State a Cognizable Claim for Quieting Title to the Property In His Name (Count III) and Is Not Entitled to Declaratory Judgment (Count IV). ......................................................................11

        4.    Plaintiff Fails To State A Cognizable Claim for Breach of Contract (Count V). .......................................................................................12

        5.    Plaintiff Fails To State A Cognizable Claim for Promissory Estoppel (Count VI). ......................................................................................14

        6.    Plaintiff Fails To State A Cognizable Claim for Violation of the Texas Debt Collection Practices Act ("TDCPA") (Count VII) ....................15

            a)    HAMP –Related Allegations .....................................................17

            b)    Allegations Regarding Holder of the Note ...............................18

        7.    Plaintiff Fails To State A Cognizable Claim for Rescission (Count VIII). ........18

        8.    The Court Should Deny Plaintiff's Request for Injunctive Relief .....................19

III.    CONCLUSION ................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................4, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................4

*Brown v. Ke-Ping Xie*,
260 S.W.3d 118 (Tex. App.—Houston [1ˢᵗ Dist.] 2008, no pet.) ...........................19

*Carrillo v. Bank of Am., N.A.*,
No. 12-cv-3906, 2013 WL 1558320 (S.D. Tex. Apr. 11, 2013)..............................17

*Casterline v. OneWest Bank, F.S.B.*,
No. C-12-150, 2012 WL 5465982 (S.D. Tex. Oct. 10, 2012) .............................5, 9

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) .................................................................................2

*Connally v. Countrywide Home Loans Inc.*,
No. 06-09-00055-CV, 2010 WL 746429 (Tex. Civ. App.-Texarkana Mar. 5, 2010) .............10

*DeFranceschi v. Wells Fargo Bank N.A.*,
837 F. Supp. 2d 616 (N.D. Tex. 2011) ...................................................................6

*Dobbins v. Redden*,
785 S.W.2d 377 (Tex. 1990).................................................................................13

*Ellis v. PNC Bank, N.A.*,
No. 4:11-CV-03990, 2012 WL 2958266 (S.D. Tex. Jul. 19, 2012) ........................15

*English v. Fischer*,
660 S.W.2d 521 (Tex. 1983).................................................................................14

*Enis v. Bank of Am., N.A.*,
No. 3:12-CV-0295-D, 2012 WL 4741073 (N.D. Tex. Oct. 3, 2012) ........................5

*Epstein v. U.S. Bank Nat. Ass'n*,
540 F. App'x 354 (5th Cir. 2013) ...........................................................................9

*Fillion v. David Silvers Co.*,
709 S.W.2d 240 (Tex. App.–Houston 1986, pet. ref'd n.r.e.) ................................11

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) .............................................................................2, 3

*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*,
130 F.3d 1381 (10th Cir. 1997) .................................................2

*Green Int'l, Inc. v. Solis*,
951 S.W.2d 384 (Tex. 1997)....................................................19

*Hernandez v. Gulf Group Lloyds*,
875 S.W.2d 691 (Tex. 1994)....................................................13

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co of America*,
341 SW.3d 323 (Tex. 2011).....................................................19

*Kidd v. Fed. Nat'l Mortg. Ass'n*,
2012 WL 4900962 (N.D. Tex. Oct. 15, 2012)................................6

*Kiggundu v. Mortgage Elec. Reg. Sys, Inc.*,
No. 4:11-1068, 2011 WL 2606359 (S.D. Tex. Jun. 30, 2011) ..............12

*Kingman Holdings, LLC v. CitiMortgage, Inc.*,
No. 4:10–CV–619, 2011 WL 1883829 (E.D. Tex. Apr. 21, 2011) ..........11

*Kramer v. Fed. Nat'l Mortg. Ass'n*,
No. A–12–CA–276–SS, 2012 WL 3027990, (W.D. Tex. May 15, 2012)........5

*Lewis v. Bank of Am. NA*,
343 F.3d 540 (5th Cir. 2003) ..................................................13

*Lighthouse Church of Cloverleaf v. Tex. Bank*,
889 S.W.2d 595 (Tex. App.—Houston [14th Dist.] 1994)....................7

*Malikyar v. BAC Home Loans Servicing, LP*,
No. 4:11-CV-417, 2011 WL 5837262 (E.D. Tex. Oct. 28, 2011) ...........6

*Manufacturers' Fin. Co. v. McKey*,
294 U.S. 442 (1935)............................................................19

*Martin v. Amerman*,
133 S.W.3d 262 (Tex. 2004)....................................................12

*Martins v. BAC Home Loans Servicing, L.P.*,
722 F.3d 249 (5th Cir. 2013) ...........................................5, 9, 18

*Metcalf v. Deutsche Bank Nat'l Trust Co.*,
No. 3:11-CV-3014-D, 2012 WL 2399369 (N.D. Tex. June 26, 2012)..........6

*"Moore" Burger, Inc. v. Phillips Petroleum Co.*,
492 S.W.3d 934 (Tex. 1972).....................................................14

*Pennington v. HSBC Bank USA, N.A.*,
    493 Fed. App'x 548 (5th Cir. 2012) .........................................................17

*Reinagel v. Deutsche Bank Nat'l Trust Co.*,
    735 F.3d 220 (5th Cir. 2013) ..............................................................6, 7

*Reliable Consultants, Inc. v. Earle*,
    517 F.3d 738 (5th Cir. 2008) ...................................................................4

*Rodriguez v. Bank of America, N.A.*,
    No. SA-12-CV-00905, 2013 WL 1773670 (S.D. Tex. Apr. 25, 2013)....................7

*Rogers v. Ricane Enters.*,
    884 S.W.2d 763 (Tex. 1994)..................................................................12

*Santarose v. Aurora Bank FSB*,
    No. H-10-720, 2010 WL 2232819 (S.D. Tex. June 2, 2010)...........................8

*Schrader-Scalf v. CitiMortgage, Inc.*,
    No. 3:12-CV-4446-D, 2013 WL 625745 (N.D. Tex. Feb. 20, 2013) .......................5

*Spositi v. Fed. Nat'l Mortgage Ass'n*,
    No. 4:11-cv-542, 2011 WL 5977319 (E.D. Tex. Nov. 3, 2011)........................8

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ..............................................................4, 12

*Valdez v. Fed. Home Loan Mortg. Corp.*,
    No. 3:11-CV-1363, 2011 WL 7068386 (N.D. Tex. Nov. 28, 2011)......................6

*Van Duzer v. U.S. Bank, N.A. et al.*,
    997 F. Supp. 2d 673 (S.D. Tex. 2014) ...................................................7, 8

*Von Scheele v. Wells Fargo Bank, N.A.*,
    No. SA-12-CV-00690-DAE, 2013 WL 5346710 (W.D. Tex. Sept. 23, 2013)........................13

*Wigginton v. Bank of N.Y. Mellon*,
    488 Fed. Appx. 868 (5th Cir. 2012) (*per curiam*) ..................................5

*Wigod v. Wells Fargo Bank, N.A.*,
    673 F.3d 547 (7th Cir. 2012) ................................................................17

*Wildy v. Wells Fargo Bank, NA*,
    3:12-CV-01831-BF, 2013 WL 246860 (N.D. Tex. Jan. 21, 2013)........................19

*Wiley v. Deutsche Bank Nat'l Trust Co.*,
    539 Fed. Appx. 533 (5th Cir. Sept. 6, 2013) (*per curiam*) ....................5, 9

*Williams v. Bank of New York Mellon*,
  No. 09-cv-1622, 2010 WL 3359461 (N.D. Tex. Aug. 23, 2010) ...........................................10

*Willoughby v. Jones*,
  251 S.W.2d 508 (Tex. 1952) ...............................................................................................11

## STATUTES

28 U.S.C. § 1441 ....................................................................................................................3

TEX. FIN. CODE ANN. § 51.0001(3) ........................................................................................9

TEX. FIN. CODE § 392.001(5) .................................................................................................16

TEX. FIN. CODE § 392.001(6) .................................................................................................16

TEX. FIN. CODE § 392.001 *et. seq.* ...................................................................................15, 16

TEX. FIN. CODE § 392.301(a)(4) .............................................................................................17

TEX. FIN. CODE § 392.301(a)(8) .............................................................................................17

TEX. FIN. CODE § 392.301(a)(19) ...........................................................................................17

TEX. FIN. CODE § 392.301(b)(3) .............................................................................................17

TEX. FIN. CODE § 392.304(14) ...............................................................................................17

TEX. FIN. CODE § 392.304(a)(19) ......................................................................................17, 18

TEX. FIN. CODE § 392.403(a)(2) .............................................................................................16

TEX. PROP. CODE ANN. § 51.0025 ...................................................................................5, 10, 11

TEX. PROP. CODE § 51.002 ...............................................................................................10, 17

TEX. PROP. CODE § 51.0075(e) ...............................................................................................10

## RULES

Fed. R. Civ. P. 12(b)(6) .............................................................................................1, 4, 8, 20

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Countrywide Bank, FSB ("Countrywide"),[1] Countrywide Home Loans, Inc. ("CHL"), The Bank of New York Mellon as Trustee for the CHL Mortgage Pass-through Trust Series 2007-21 ("BONYM"), CWMBS, Inc., Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "Defendants") respectfully request that the Court dismiss in its entirety Plaintiff's Original Petition (the "Complaint" or "Compl.") for failure, as a matter of law, to state any cognizable claim for relief. Because none of Plaintiff's purported claims can survive Rule 12(b)(6) scrutiny, the Court should dismiss the Complaint in its entirety, with prejudice.

## I.      INTRODUCTION

This lawsuit is nothing more than a delay tactic by Plaintiff to avoid foreclosure and maintain possession of the property located at 24811 Parview Circle, San Antonio, Texas 78258 (the "Property"), despite his failure to make a mortgage payment in almost five years. Indeed, Plaintiff focuses the majority of his Complaint on attacking BANA's authority to foreclose as mortgagee of record, while omitting any explicit allegation that he is current on his loan. The reality is that Plaintiff defaulted on his $1,275,000.00 mortgage loan years ago and now seeks to prevent BANA from exercising its contractual right to foreclose under the loan documents by asserting legally flawed claims that have been soundly rejected by the Fifth Circuit, this Court, and other courts in Texas. None of Plaintiff's claims can survive Rule 12(b)(6) scrutiny, and the Court should dismiss this action accordingly, with prejudice.

---

[1] Countrywide was erroneously sued as it no longer exists. Effective April 27, 2009, Countrywide Bank, FSB converted to a national banking association under the title of Countrywide Bank, N.A., and immediately thereafter, Countrywide Bank, N.A. merged with and into Bank of America, N.A.

On or around November 9, 2007, Plaintiff executed an Adjustable Rate Note (the "Note," attached as **Exhibit A**)[2] in the amount of $1,275,000.00, in favor of Countrywide as Lender. As explicitly stated in the Note, "lender may transfer this Note. The lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Note (Ex. A) ¶ 1. BANA undisputedly services the Note. Compl. ¶ 13. To secure the obligations under the Note, Plaintiff executed a Deed of Trust (the "Deed of Trust," attached as **Exhibit B**, and collectively with the Note, the "Loan"), in favor of MERS as nominee for Countrywide and its successors and assigns.[3] As stated in the Deed of Trust:

> The beneficiary of this Security Instrument ***is MERS*** (solely as nominee for Lender Countrywide and Lender's successors and assigns) ***and the successors and _assigns of MERS_***. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. . . .
>
> . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, ***MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,***

[2] Because Plaintiff refers to the Note in the Complaint and because the Note is central to Plaintiff's claims, the Court may consider the Note without converting BANA's Motion to Dismiss to a motion for summary judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting with approval that various circuits consider as part of the pleadings documents attached to a defendant's motion to dismiss that are referred to in the complaint and are central to the Plaintiff's claims) (citing cases); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[3] For the reasons stated in note 1, *supra*, the Court may consider the Deed of Trust without converting Defendants' Motion to Dismiss to a motion for summary judgment, as the Deed of Trust is central to Plaintiff's claims. Further, the Court should take judicial notice of the Deed of Trust because it was filed in the Official Public Records of Bexar County, Texas under Instrument No. 20070255307. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

> *but not limited to the right to foreclose and sell the Property; and*
> *to take any action required of Lender* including, but not limited
> to, releasing and canceling this Security Instrument.

Deed of Trust (Ex. B) at 2 (emphasis added).

On or around November 11, 2009, MERS assigned its interest under the Deed of Trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC") (the "Assignment," attached as **Exhibit C**).[4]  Upon assignment from MERS, BAC became the beneficiary of the Deed of Trust with the "right to foreclose and sell the Property."[5]  Deed of Trust (Ex. B) at 3.  BANA is successor by merger to BAC.[6]  As alleged in the Complaint, following Plaintiff's default and his failure to cure the default, BANA exercised its contractual rights under the Deed of Trust and noticed the Property for a foreclosure sale to take place on April 7, 2015.  Compl. ¶ 13; Ex. B.

In order to delay the foreclosure sale, Plaintiff filed the Complaint on April 6, 2015, in the 45th Judicial District Court of Bexar County, Texas.  Defendants timely removed the matter to this Court on April 27, 2015, under 28 U.S.C. § 1441, on the basis of diversity jurisdiction. (Doc. 1).  Because BANA has the right to foreclose and Plaintiff lacks standing to challenge the Assignment, and for other reasons explained herein, Plaintiff does not and cannot state any

---

[4] For the reasons stated in note 1, *supra*, the Court may consider the Assignment without converting Defendants' Motion to Dismiss to a motion for summary judgment, as the Assignment is central to Plaintiff's claims.  Further, the Court should take judicial notice of the Assignment because it was filed in the Official Public Records of Bexar County, Texas under Instrument No. 20090224840.  *See Funk*, 631 F.3d at 783.

[5] A second assignment from MERS to BAC was executed on or around April 27, 2011 ("Second Assignment," attached as **Exhibit D)** and recorded in the Official Public Records of Bexar County, Texas on April 28, 2015 under Instrument No. 2011072494**.**  The Second Assignment appears to be duplicative of the first Assignment. *See* Ex. C and D.

[6] Effective July 1, 2011 BAC Home Loans Servicing, LP merged with and into Bank of America, N.A.  Therefore, BANA is now the beneficiary under the Deed of Trust.

cognizable claim for relief.  Accordingly, the Court should dismiss the Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6).

## II.  ARGUMENT AND AUTHORITIES

### A.  Applicable Legal Standard

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, *see Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008), but not conclusory allegations or legal conclusions masquerading as factual conclusions.  Such will not suffice to prevent a motion to dismiss.  *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted).  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  As described below, Plaintiff fails to meet this standard.

### B.  BANA Has the Authority To Foreclose.

Plaintiff's claims that BANA lacks standing to foreclose because the Note and Deed of Trust were split and that MERS lacks capacity to assign the Deed of Trust are meritless, as set

forth below.  Accordingly, Plaintiff's claims challenging BANA's lack of standing (Count II); to quiet title (Count III); and for breach of contract (Count V) should be dismissed with prejudice.

### 1. Plaintiff's Challenge to BANA's Authority To Foreclose Based on the "Split the Note" Theory Fails as a Matter of Law.

One of the central themes in Plaintiff's Complaint is the allegation that the Note and Deed of Trust have been impermissibly split, and therefore, BANA does not have the authority to foreclose on the Property.  *See* Compl. ¶ 102.  The Fifth Circuit has rejected this theory, commonly referred to as the "split-the-note" theory, as inapplicable under Texas law where, as here, the foreclosing party is a mortgagee and the mortgage has been properly assigned.[7]  So long as it is an assignee or a beneficiary of the deed of trust, a party may exercise its authority to foreclose even if it does not hold the note itself.  That is contemplated in the deed of trust itself and by the statute allowing mortgagees and mortgage servicers to foreclose.  *See Wiley*, 539 Fed. Appx. at 536-37;  Tex. Prop. Code Ann. § 51.0025.  As the Northern District explained:

> Under Texas law, a deed of trust is a mortgage with a power to sell on default.  A mortgage created by a deed of trust is an interest created by a written instrument providing security for payment.  The security is established by a note.  Because the deed of trust or mortgage has no legal effect apart from the debt or obligation, any transfer of the deed of trust without the note automatically passes the debt.

---

[7] *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 Fed. Appx. 533, 535-57 (5th Cir. Sept. 6, 2013) (*per curiam*); *Wigginton v. Bank of N.Y. Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012) (*per curiam*); *Schrader-Scalf v. CitiMortgage, Inc.*, No. 3:12-CV-4446-D, 2013 WL 625745, at *2–3 (N.D. Tex. Feb. 20, 2013); *Casterline v. OneWest Bank, F.S.B.*, No. C-12-150, 2012 WL 5465982, at *7 (S.D. Tex. Oct. 10, 2012) (rejecting prior decision in which a Texas federal court applied a "split the note" theory and explaining that "the [prior] court's conclusion as well as the so-called 'bifurcation' theory on which it was based has been 'roundly' rejected by Texas state courts and federal courts interpreting Texas law."); *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2012 WL 4741073, at *2 (N.D. Tex. Oct. 3, 2012); *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A–12–CA–276–SS, 2012 WL 3027990, at *6–7 (W.D. Tex. May 15, 2012) (rejecting the "split the note" theory because its reasoning "flies in the face of the Texas statutes governing foreclosure under a deed of trust," and further explaining that "the authority to conduct a foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than the associated note").

*DeFranceschi v. Wells Fargo Bank N.A.*, 837 F. Supp. 2d 616, 622 (N.D. Tex. 2011) (internal

citations omitted); *see also Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11-CV-417, 2011

WL 5837262, at *5 (E.D. Tex. Oct. 28, 2011) ("A transfer of an obligation secured by a note also

transfers the note because the deed of trust and note are read together to evaluate their

provisions."). Conversely, "[w]hen a note is transferred from one mortgagee to another, the

interest in the subject deed of trust goes along with it." *Valdez v. Fed. Home Loan Mortg. Corp.*,

No. 3:11-CV-1363, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011). Further, the Plaintiff

himself authorized and made the "split" when he signed the Note to Countrywide and the Deed

of Trust to MERS. The Court should dismiss Plaintiff's claims that are based on the "split-the-

note" theory (Counts II, III, and V) because the Fifth Circuit has rejected this fatally flawed

theory.

       **2.**      **Plaintiff Lacks Standing To Challenge the Assignment.**

Plaintiff lacks standing to challenge the Assignment because in Texas, a mortgagor

cannot challenge an assignment of the mortgage because he is not a party to the assignment. *See*

*DeFranceshi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *Kidd v.*

*Fed. Nat'l Mortg. Ass'n*, 2012 WL 4900962, at *2 (N.D. Tex. Oct. 15, 2012); *Metcalf v.*

*Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June

26, 2012). A very narrow exception exists to a mortgagor's lack of standing, but it is

inapplicable in this case. The Fifth Circuit has held that "in Texas . . . an obligor cannot defend

against an assignee's efforts to enforce [an] obligation on a ground that merely renders the

assignment voidable at the election of the assignor," but an "obligor *may* defend on any ground

which renders the assignment void." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220,

225 (5th Cir. 2013). *Reinagel* is inapplicable to the present case because the Assignment here is

valid, not void, and Plaintiff's conclusory, unsubstantiated allegations do not and cannot show otherwise. *See generally* Compl.

Plaintiff's Complaint, viewed in the light most favorable to Plaintiff, at best alleges the Assignment is voidable, not void, and Plaintiff lacks standing to challenge an allegedly voidable assignment even under the very narrow exception expressed in *Reinagel*. Plaintiff alleges that the person signing the Assignment was not an "Assistant Secretary" of MERS and/or the Assignment was not signed by the purported signor.[8] Compl. ¶¶ 36, 38-40. These allegations are insufficient to render the Assignment void under Texas law. *See Rodriguez v. Bank of America, N.A.*, No. SA-12-CV-00905, 2013 WL 1773670, at *6 (S.D. Tex. Apr. 25, 2013) ("Even if Ms. Slee worked as part of a 'document mill' and had different signature variations, as long as MERS was aware of this and did not object to it, the assignment—though perhaps fraudulent—would not rise to the level of a forgery and thus would be voidable, not void."). "Plaintiff's conclusory allegations suggesting that the Assignment was a forgery are insufficient to 'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Van Duzer v. U.S. Bank, N.A. et al.,* 997 F. Supp. 2d 673, 688 (S.D. Tex. 2014) (quoting *Iqbal*, 566 U.S. at 663). An assignment is void only if it was forged and executed without the consent and approval of the assignor. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994). In this case, MERS was aware of and consented to the execution of the Assignment, and Plaintiff does not allege otherwise. *See generally* Compl. Moreover, Plaintiff fails to explain how "upon information and belief" he

---

[8] As discussed in note 5, *supra*, the Second Assignment appears to have been executed and recorded in error. Therefore, Defendants herein make their argument in the context of the Assignment, but to the extent this Court determines that the Second Assignment has any legal effect, Defendants submit that the same arguments made herein are applicable to the Second Assignment as well.

believes that MERS's agent's signature was used without his knowledge or consent, Compl. ¶¶ 38, 40, which is further basis for dismissal for failure to state a claim for relief. Plaintiff's "conclusory allegation, devoid of further enhancement, is insufficient to challenge the presumptively valid mortgage assignment." *Van Duzer*, 995 F. Supp. 2d at 688.

For all of the foregoing reasons, Plaintiff's claims that are premised on an alleged void assignment (Counts II, III, and V) should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which the Court may grant relief.

### 3. Plaintiff's Challenge to MERS's Ability to Assign the Deed of Trust Fails.

Even if Plaintiff had standing to challenge the Assignment (which he does not), his challenge to MERS's authority to assign the Deed of Trust still would fail as a matter of law. Plaintiff himself granted the subject Deed of Trust to MERS as nominee for the lender, and Plaintiff does not challenge the validity of the Deed of Trust. *See* Deed of Trust (Ex. B) at 2 ("MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is a beneficiary under this Security Instrument**.") (emphasis in original); *id.* at 4 ("***The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS***.") (emphasis added).

Federal courts in this state have held that MERS has the legal authority to assign deeds of trust. *See, e.g., Spositi v. Fed. Nat'l Mortgage Ass'n*, No. 4:11-cv-542, 2011 WL 5977319, at *4 (E.D. Tex. Nov. 3, 2011) (finding that MERS was a valid mortgagee under Texas law and that MERS had the ability to transfer its rights and interests in the deed of trust); *Santarose v. Aurora Bank FSB,* No. H-10-720, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) (noting the "plain language of the deed of trust" is evidence that the lender authorized MERS to act on its behalf in regard to the deed of trust). Accordingly, Plaintiff's challenge to MERS's ability to assign the

Deed of Trust fails as a matter of law, and Counts II, III and V, which are based on Plaintiff's challenge to the Assignment, should be dismissed with prejudice.

**4.    Mortgagee BANA Has Standing To Foreclose, and Plaintiff's Assertions to the Contrary Have No Merit.**

Plaintiff's challenges to BANA's standing to foreclose rely on the unsupported and erroneous conclusion that BANA does not legally hold the Note and Deed of Trust. *See* Compl. ¶ 28. "Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note." *Epstein v. U.S. Bank Nat. Ass'n,* 540 F. App'x 354, 356 (5th Cir. 2013); *see also Wiley, 539 F. App'x at 536; Casterline,* 537 F. App'x at 317; *Martins,* 722 F.3d at 255. The Texas Property Code defines a "mortgage servicer" as the "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." Tex. Prop. Code Ann. § 51.0001(3). Furthermore, a "mortgagee" is defined as "(A) the grantee, ***beneficiary***, owner, or holder of a security instrument; (B) a book entry system; ***or*** (C) if the security instrument has been assigned of record, ***the last person to whom the security interest has been assigned of record***." *Id.* § 51.0001(4) (emphasis added). Here, there is no question that BANA is the mortgagee, as Plaintiff's own exhibit reveals that MERS assigned the Deed of Trust to BAC, BANA's predecessor by merger, on or around November 11, 2009. *See* Assignment (Ex. C). Moreover, Plaintiff concedes in the Complaint that BANA was the "loan servicer." *See* Compl. ¶ 13. For these reasons, Plaintiff cannot, as a matter of law, state a cognizable challenge to BANA's standing to invoke the power of sale under the Deed of Trust, and the Court should therefore dismiss with prejudice Counts II, III and V which are based on Plaintiff's challenge to BANA's authority to foreclose.

**C.      Plaintiff's Complaint Fails To Plead any Cognizable Causes of Action.**

For the reasons stated below, all of Plaintiff's claims fail as a matter of law.

**1.      Plaintiff Fails To State A Cognizable Claim for Violation of the Texas Property Code (Count I).**

**a)      Section 51.0075(e)**

Plaintiff alleges Defendants violated Texas Property Code Section 51.0075(e) because the April 7, 2015 Notice of Foreclosure Sale sent to Plaintiff listed twenty-two different substitute trustees, it was unsigned, and it fails to disclose the street address of the substitute trustee. Compl. ¶¶ 58-60.  Section 51.0075(e) provides that "the name and a street address for a trustee or substitute trustees shall be disclosed on the notice [of sale] required by Section 51.002(b)." Tex. Prop. Code § 51.0075(e).  The Notice of Foreclosure Sale about which Plaintiff complains (and even attaches to the Complaint) contains the name and address for the substitute trustees, which is the only requirement under the code.  *See* Compl., Ex. C.  The statute does not prohibit multiple substitute trustees, nor does it require that the trustees sign the notice.  *See* Tex. Prop. Code § 51.0075(e); *Williams v. Bank of New York Mellon,* No. 09-cv-1622, 2010 WL 3359461, at *5 n.4 (N.D. Tex. Aug. 23, 2010) (citing *Connally v. Countrywide Home Loans Inc.,* No. 06-09-00055-CV, 2010 WL 746429, at *4 (Tex. Civ. App.-Texarkana Mar. 5, 2010).  Accordingly, Plaintiff's claim that Defendants violated Section 51.0075(e) is wholly without merit, and the Court should dismiss Plaintiff's claim with prejudice.

**b)      Section 51.0025**

Plaintiff alleges that there was never a valid servicing agreement between BANA and BONYM to service Plaintiff's Loan. Compl. ¶62.  Section 51.0025 provides that "a mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if: (1) the mortgage servicer and the mortgagee have entered into an agreement

granting the current mortgage servicer authority to service the mortgage…" Tex. Prop. Code § 51.0025. Plaintiff's claim is baseless as Plaintiff himself concedes that BANA is the Loan's servicer. *See* Compl. ¶ 13. Because there is no dispute that BANA is the mortgage servicer, Plaintiff's argument fails as a matter of law, and the Court should dismiss Count I with prejudice.

### 2. Plaintiff Fails to State a Cognizable Claim for Lack of Standing to Foreclose as a Real Party in Interest (Count II)

Plaintiff asserts in his second cause of action that neither BONYM nor BANA can legally foreclose on the Property. Plaintiff's allegations are meritless, particularly since BONYM does not seek to foreclose, and BANA, as the mortgagee of record, has the contractual right to foreclose, as discussed in detail in Pt. II.B, *supra*. Thus, the Court should dismiss Count II with prejudice.

### 3. Plaintiff Fails to State a Cognizable Claim for Quieting Title to the Property In His Name (Count III) and Is Not Entitled to Declaratory Judgment (Count IV).

Plaintiff in his third and fourth causes of action asks this Court to quiet title to the Property in his name and to issue a declaratory judgment that Defendants have no interest in the Property, among other claims. *See* Compl. ¶¶ 78-93. Plaintiff makes these extraordinary requests for relief despite the fact that Plaintiff does not allege that he has tendered or offered to tender the full amount owed on the Note, and in fact concedes he is in default on his obligations. *See id*. ¶ 24. Texas courts have made clear that "a necessary prerequisite to the … recovery of title … is tender of whatever amount is owed on the note." *See Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston 1986, pet. ref'd n.r.e.); *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10–CV–619, 2011 WL 1883829, at *4 (E.D. Tex. Apr. 21, 2011) ("Plaintiff's failure to affirmatively demonstrate its ability to tender any amount bars the Court from granting Plaintiff equitable relief.").

Because Plaintiff does not allege that the full amount owed on the Note was tendered, Plaintiff has no basis for quieting title to the Property in his name.

Moreover, Plaintiff does not and cannot plead how or why he has superior title to the Property over any Defendant. *See generally* Compl. To recover on a claim to quiet title, a plaintiff must prove that he has superior title to the property over the defendants. *See Kiggundu v. Mortgage Elec. Reg. Sys, Inc.*, No. 4:11-1068, 2011 WL 2606359, at *7 (S.D. Tex. Jun. 30, 2011) (citing *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994)). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* at 3, *quoting Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). Here, there is no valid legal or factual basis for Plaintiff to assert that he holds a superior title to the Property, and his conclusory allegations masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Taylor*, 296 F.3d at 378. Furthermore, Plaintiff is not entitled to the declaratory relief he seeks because, as previously discussed, BANA is the mortgagee of record with the contractual right and authority to foreclose on the Property. Plaintiff, therefore, is not entitled to an order quieting title in his name, a permanent injunction prohibiting BANA from foreclosing, or any declaratory relief he seeks. The Court should, therefore, dismiss Count III in its entirety, with prejudice, and deny Plaintiff the declaratory relief he seeks in Counts III and IV, with prejudice, accordingly.

### 4. Plaintiff Fails To State A Cognizable Claim for Breach of Contract (Count V).

Plaintiff in his fifth cause of action alleges that BANA breached the Deed of Trust under a myriad of theories, none of which support a cognizable claim for relief.[9] In Texas, a plaintiff

---

[9] Although the Complaint does not specifically identify which particular Defendant any of the counts are directed to, the allegations in Count V appear to relate solely to a claim for breach of contract against BANA.

claiming breach of contract must establish: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting damages to the plaintiff. *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003). It is well established that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citations omitted). Where, as here, a plaintiff cannot allege that he performed his contractual obligations by remaining current on his mortgage payments up through the mortgagee's alleged breach, Plaintiff cannot prevail on a claim seeking to assert that the mortgage contract was breached. *See Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *5 (W.D. Tex. Sept. 23, 2013); *see also Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform."). Because Plaintiff's failure to make timely payments under the Loan constitutes a material breach of the Note and Deed of Trust, BANA's obligations under the Note and Deed of Trust were discharged, and thus, any alleged breach of the Note and Deed of Trust by BANA was excused. *See id.* To the extent Plaintiff claims his non-payment was excused by any alleged breach of the contract by BANA, those contentions fail as discussed *supra* II.B. Accordingly, the Court should dismiss Count V in its entirety, with prejudice.

Additionally, Plaintiff cannot satisfy the requirement of damages caused by BANA's alleged breach, particularly since Plaintiff's own default on the Loan is the reason he now faces foreclosure—not any alleged breach of the Note or Deed of Trust by BANA. For all these reasons, Plaintiff's claim for breach of contract fails as a matter of law, and the Court should dismiss Count V in its entirety, with prejudice, accordingly.

**5.      Plaintiff Fails To State A Cognizable Claim for Promissory Estoppel (Count VI).**

Plaintiff in his sixth cause of action appears to assert that BANA "made a promise in writing not to foreclose if Plaintiff sent in a loan modification application." Compl. ¶ 110. Plaintiff, however, fails to plead sufficient facts to state a cognizable claim for promissory estoppel.

To prevail on a claim for promissory estoppel under Texas law, a plaintiff must prove the existence of: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983). The burden of establishing promissory estoppel rests upon its proponent. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.3d 934, 936-37 (Tex. 1972). Plaintiff's allegations in the instant action do not come close to establishing a claim for promissory estoppel and present a tortured interpretation of the facts. Here, Plaintiff alleges that BANA promised not to foreclose if Plaintiff sent in a modification application, and in support of this claim, Plaintiff attaches two letters dated March 30, 2015 and March 31, 2015 to the Complaint. Compl. ¶ 110 and Compl. Ex. D and E. These letters do not establish any promise made by BANA, and in fact, show quite the opposite. BANA sent Plaintiff the Notice of Foreclosure Sale on or around March 13, 2015 ("Notice of Sale," attached to Plaintiff's Complaint as Exhibit C) weeks before Plaintiff received the March 30, 2015 and March 31, 2015 letters. The March 30, 2015 letter advised Plaintiff that BANA would "not conduct a foreclosure sale…during the period of time you have to send us all required documents, and while we evaluate your complete application once it is received." *See* Compl. Ex. D. The March 31, 2015 letter states "we want you to know that until we receive a complete package that includes all required financial and hardship documentation, we will continue to collect missing payments ***and may even proceed to a***

*foreclosure sale*…you may receive foreclosure/eviction notices…you may see steps taken in preparation for a foreclosure sale of your home." *See* Compl. Ex. E (emphasis added). Neither letter, therefore, promises that BANA would not foreclose if Plaintiff sent in a modification application, as Plaintiff contends.

Furthermore, Plaintiff conclusorily alleges he "substantially relied" on these letters "to his detriment." Compl. ¶ 113. Yet, he fails to allege any specific actions he took in reliance on an alleged representation by BANA, which renders his claim susceptible to dismissal. *See Ellis v. PNC Bank, N.A.*, No. 4:11-CV-03990, 2012 WL 2958266, at *4 (S.D. Tex. Jul. 19, 2012) (dismissing action for promissory estoppel where plaintiff did not "specify any actions or omissions he did nor declined to do as a result of the promise"). Finally, Plaintiff has failed to establish that BANA could foresee any reliance on the alleged promise not to foreclose in light of the fact that BANA's letters expressly state that BANA may take steps towards foreclosure. *See* Compl. Ex. E. For all of these reasons, Plaintiff's claim for promissory estoppel fails as a matter of law., and the Court should dismiss Count VI in its entirety, with prejudice, accordingly.

### 6. Plaintiff Fails To State A Cognizable Claim for Violation of the Texas Debt Collection Practices Act ("TDCPA") (Count VII).

Plaintiff in his seventh cause of action asserts a claim for violation of the TDCPA against BONYM and BANA. To state a claim under the TDCPA, Plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) BONYM and BANA are debt collectors within the meaning of the TDCPA; (3) BONYM and BANA committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of BONYM's or BANA's wrongful act. *See* Tex. Fin. Code §§ 392.001 *et. seq.* Even when viewing the facts in the light most favorable to Plaintiff, his TDCPA claim still fails as a matter

of law because Plaintiff does not and cannot allege facts to sustain such a claim against either BANA or BONYM.

First, neither BANA nor BONYM is a "debt collector" as defined in the TDCPA. *See* TEX. FIN. CODE § 392.001 *et seq.* A "debt collector" is defined as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE § 392.001(6). A "debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are ***due or alleged to be due a creditor***." TEX. FIN. CODE § 392.001(5) (emphasis added). Plaintiff's barebone allegation that "the Bank of NY and BOA are 'debt collectors'" (Compl. ¶ 116) will not sustain a claim against BONYM and BANA for violation of the TDCPA; and this claim should therefore be dismissed.

Second, Plaintiff fails to allege any injury, as required to state a cognizable claim under the TDCPA. *See* TEX. FIN. CODE § 392.403(a)(2); *see also* Compl. ¶ 16. Thus, Plaintiff's TDCPA claim fails as a matter of law. Third, Plaintiff's claim fails because Plaintiff does not allege facts establishing a causal link between the conduct constituting the violation and the alleged injury. *See* TEX. FIN. CODE § 392.403(a)(2). Here, not only does Plaintiff fail to allege ***any*** injury whatsoever, BANA has a contractual right to perform the conduct alleged—*i.e.*, accelerate the Note and foreclose on the Property under the Deed of Trust. *See* Note (Ex. A) at 22; Deed of Trust (Ex. B) at 3. Finally, Plaintiff fails to plead a causal connection between the alleged TDCPA violations and any purported injury. *See* Compl. ¶ 16. Accordingly, Plaintiff's claim for violation of the TDCPA fails as a matter of law, and the Court should dismiss Count VII in its entirety, with prejudice.

### a) HAMP –Related Allegations

Even assuming BANA is construed to be a debt collector for purposes of the TDCPA, Plaintiff does not allege a colorable claim for violation of §§ 392.301(a)(4), 392.301(a)(8), 392.304(14), or 392.301(a)(19).

Section 392.301(a)(8) states that a debt collector "may not use threats, coercion, or attempts to coerce that ... threaten[ ] to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). Courts have specifically held that the TDCPA does not prevent BANA from conducting a nonjudicial foreclosure under a deed of trust. *See Carrillo v. Bank of Am., N.A.*, No. 12-cv-3906, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013). The TDCPA states that it "does not prevent a debt collector from ... exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3). Moreover, in Texas, § 51.002 of the Texas Property Code authorizes nonjudicial foreclosure proceedings, thus there was no violation of § 392.301(a)(8) by BANA. Plaintiff alleges that BANA nonetheless violated § 392.301(a)(8) when it threatened to foreclose without properly certifying under the HAMP Handbook that all options to avoid foreclosure and mitigate losses had been considered and exhausted. Compl. ¶118-119. But there is no private right of action under HAMP, and the law is clear that a TDCPA claim cannot be based on alleged HAMP violations. *See Pennington v. HSBC Bank USA, N.A.*, 493 Fed. App'x 548, 551 (5th Cir. 2012); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 599 n. 4 (7th Cir. 2012). Thus, Plaintiff's TDCPA claim based on an alleged violation of § 392.301(a)(8) fails.

Plaintiff claims for violations of §§ 392.301(a)(4), 392.304(a)(14) and (19) are unsupported by factual allegations and likewise fail as a matter of law:

- Section 392.301(a)(4) relates to "threatening to sell or assign to another the obligation of the consumer and falsely representing that the result of the sale or

assignment would be that the consumer would lose a defense to the consumer debt or would be subject to illegal collection attempts." Plaintiff alleges no facts to support a violation of this statutory provision. *See generally* Compl.

- Section 392.304(a)(14) prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business." Plaintiff alleges no facts to support a violation of this statutory provision. *See generally* Compl.

- Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Plaintiff alleges no facts to support a violation of this statutory provision. *See generally* Compl.

For all of these reasons, Plaintiff does not and cannot state a cognizable claim for violation of the TDCPA, and the Court should dismiss Count VII in its entirety, with prejudice, accordingly.

### b)      Allegations Regarding Holder of the Note

Plaintiff erroneously argues that BANA violated the TDCPA when it threatened to foreclose "without being the actual holder or owner of the debt instrument." Compl. ¶ 121. It is well established that the mortgagee of record or the mortgage servicer need not hold the Note to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("The party to foreclose need not possess the note itself."). Plaintiff's "holder of the note" allegations fail to state a claim under the TDCPA; thus, the Court should dismiss Count VII in its entirety, with prejudice.

### 7.      Plaintiff Fails To State A Cognizable Claim for Rescission (Count VIII).

Plaintiff in his eighth cause of action asserts that he is entitled "to rescind the loan and all accompanying loan documents" (Compl. ¶ 125), alleging that the "public interest would be prejudiced by permitting the alleged Deed of Trust contract and promissory Note to stand.… (id. ¶ 126). Plaintiff's claim for rescission fails for several reasons. First, Plaintiff offers no facts to explain why he is entitled to such an extraordinary request for relief. *See id.* 124-127. Second, rescission is not an independent cause of action. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co of America,* 341 SW.3d 323, 345 (Tex. 2011) (noting rescission is an equitable remedy). Because rescission is remedial in nature, it is dependent upon the assertion of a viable cause of action. *See e.g. Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997). As discussed above, Plaintiff does not assert a viable cause of action, thus he is not entitled to the equitable remedy of rescission. Finally, Plaintiff is not entitled to equitable relief because Plaintiff does not dispute that he defaulted on the Mortgage. To get equity, Plaintiff must give equity. *Manufacturers' Fin. Co. v. McKey,* 294 U.S. 442, 449 (1935). In short, Plaintiff's request for rescission is meritless, thus the Court should dismiss Count VIII in its entirety, with prejudice.

### 8. The Court Should Deny Plaintiff's Request for Injunctive Relief.

Plaintiff asks the Court for a permanent injunction enjoining Defendants from "interfering with his possession." Compl. at 42. Under Texas law, a request for injunctive relief is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action. *Wildy v. Wells Fargo Bank, NA*, 3:12-CV-01831-BF, 2013 WL 246860, at *7 (N.D. Tex. Jan. 21, 2013) (*citing Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Because Plaintiff has failed to establish a cognizable cause of action, as discussed above, there is no underlying cause of action for which the Court can provide the requested equitable remedy. Accordingly, the Court should deny Plaintiff's request for injunctive relief.

### III. CONCLUSION

For the reasons stated herein, Defendants request that the Court grant their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure, as a matter of law, to state any cognizable claim for relief.

DATED: May 4, 2015

Respectfully Submitted,

/s/ Jameson Watts
Jameson J. Watts
Texas Bar No. 24079552
SDTX Bar No. 1314527
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Tel. (713) 651-2600
Fax (713) 651-2700
jwatts@winston.com

**COUNSEL FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on May 4, 2015 a correct copy of the foregoing Motion to Dismiss with Incorporated Memorandum of Law was filed with the Court via CM/ECF and further served on counsel of record as follows:

***<u>Via C.M. R.R.R.#7196 9008 9111 2504 9440</u>***
***<u>And via Regular Mail</u>***
Chad D. Elrod
Jeffrey C. Jackson
Jackson & Elrod, LLP
2200 N. Loop West, Ste. 108
Houston, Texas 77018
***Counsel for Plaintiff***

                                        /s/ Jameson Watts
                                        Jameson J. Watts