```
                TRANSMISSION VERIFICATION REPORT

                                    TIME   : 07/09/2015 09:35
                                    NAME   :
                                    FAX    :
                                    TEL    :
                                    SER.#  : U62702K2N714836
```

```
DATE,TIME           07/09  09:15
FAX NO./NAME        7136512700
DURATION            00:19:05
PAGE(S)             66
RESULT              OK
MODE                STANDARD
                    ECM
```



# Jackson & Elrod, LLP
### Attorneys at Law

2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (P)
713-682-8866 (F)

# FACSIMILE TRANSMISSION

### Confidentiality Notice

The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named above. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the telecopied documents to us, and you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.

**TO:**        Jameson Joseph Watts

**FROM:**      CHAD D. ELROD

**REGARDING:** Written Discovery to Mortgage Electronic Registration Systems, Inc. ("MERS") in 5:15-cv-00332-OLG Kreway v. Countrywide Bank, FSB, et al; In the Western District of Texas – San Antonio Division

**FAX #:**  713-651-2700          **TOTAL PAGES:** 66

**DATE:**  July 9, 2015

## MESSAGE:



## Jackson & Elrod, LLP
### Attorneys at Law

2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (P)
713-682-8866 (F)

# FACSIMILE TRANSMISSION

### Confidentiality Notice

The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named above. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the telecopied documents to us, and you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.

**TO:**       Jameson Joseph Watts

**FROM:**     CHAD D. ELROD

**REGARDING:**  Written Discovery to Mortgage Electronic Registration Systems, Inc. ("MERS") in 5:15-cv-00332-OLG Kreway v. Countrywide Bank, FSB, et al; In the Western District of Texas – San Antonio Division

**FAX #:**  713-651-2700          **TOTAL PAGES:** 66

**DATE:**   July 9, 2015

**MESSAGE:**

**Jackson & Elrod, LLP**
Attorneys at Law

2200 North Loop West, Suite 108
Houston, Texas 77018
713-861-8833 (P)
713-682-8866 (F)

**CHAD D. ELROD**
**Partner**
**chad@jacksonelrod.com**

July 9, 2015

*Via facsimile:* 713-651-2700

Jameson Joseph Watts
Winston & Strawn, LLP
1111 Louisiana St., 25th Floor
Houston, Texas 77002

Re:   Written Discovery to Mortgage Electronic Registration Systems, Inc.
      ("MERS")  in 5:15-cv-00332-OLG Kreway v. Countrywide Bank, FSB, et al;
      In the Western District of Texas – San Antonio Division

Dear Mr. Watts,

Please find enclosed:

1. Plaintiff's First Set of Interrogatories to MERS;
2. Plaintiff's First Request for Production to MERS; and
3. Plaintiff's First Request for Admissions to MERS.

Should you have any questions or concerns, please contact me.

Regards,

**JACKSON & ELROD, LLP**

/s/ Chad D. Elrod

Chad D. Elrod

encl

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RICHARD J. KREWAY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO.   5:15-CV-00332-OLG** |
| **COUNTRYWIDE BANK, FSB;** | § | |
| **COUNTRYWIDE HOME LOANS,** | § | |
| **INC.; BANK OF AMERICA, N.A.; THE** | § | |
| **BANK OF NEW YORK MELLON AS** | § | |
| **TRUSTEE FOR THE CHL** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **TRUST SERIES 2007-21; CWMBS,** | § | |
| **INC.; AND MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION** | § | |
| **SYSTEMS, INC. AKA "MERS"** | § | |
| **Defendants.** | | |

---

## PLAINTIFF'S INTERROGATORIES TO DEEFENDANT
## MORTGAGE ELECTRONIC REGISTRATION SYSTMENS, INC.

To: Defendant, Mortgage Electronic Registration Systems, Inc., by and through their attorney of record, Jameson Joseph Watts, Winston & Strawn, LLP, 1111 Louisiana St., 25th Floor, Houston, Texas 77002.

Plaintiff, Richard J. Kreway, serves this Request for Interrogatories on Defendant, Mortgage Electronic Registration Systems, Inc., as allowed by Federal Rule of Civil Procedure 33. Defendant must answer each interrogatory separately, fully, in writing, and under oath, within 30 days after service, and serve the response to Plaintiff at the law offices of Jackson & Elrod, LLP 2200 North Loop West, Ste., 108 Houston, TX 77018.

The grounds for objecting to an Interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived.

## Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

3. The term "document" and any similar term are used in the broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic or electrical sound recordings, or transcripts thereof; any retrievable data, files, information or statistics contained on any memory device or other information retrieval systems (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise); and also without limitation, files, books, pamphlets, periodicals, agreements, correspondence, letters, telegrams, reports, plats, plans, drawings, maps, surveys, descriptions, charts, diagrams, graphs, blueprints, logs, take-offs, reproductions, films, photographs, motion pictures, video tapes, computer files, studies, proposals, working papers, notes, notebooks, ledgers, diaries, journals, or other books of account, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, specifications, recordings, telephone call slips, transcripts of telephone conversations, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, bills of lading, receipts, notices, summaries, checks, compilations, work sheets, publications, and published or unpublished speeches or articles in the possession, custody, or control of Defendant wherever located. The terms "document" and "thing" or any other similar terms, shall also include any attachment thereto or enclosure therewith. The term "document" and any other similar term shall also include any and all data compilations from which information can be obtained. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), then each non-identical copy is a separate "document."

4. With respect to any of the documents requested, should any such document be presently unavailable and/or if any such document is not presently in Defendant's possession, please identify each such document, including: (a) the type or character of the document (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document; (c) the name and address of the addressee of the document; (d) the names and addresses of all recipients of copies of the document; (e) all information contained in each such document; (f) the date and circumstance under which each such document ceased to be in Defendant's possession; (g) the reasons each such document was caused to, or happened to, cease to be in Defendant's

2

possession; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained, and having knowledge of such document (and state the substance of such knowledge) and of the circumstances under which each such document ceased to be in Defendant's possession, including their full name, present or last known business and home addresses (including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

5. If there is a claim of privilege with respect to any documents requested, please identify every such document in your response and include in the identification a description of the document, the date of the document, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Plaintiff is prepared to negotiate with Defendant an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6. The words "relating to" and all permutations, when used in conjunction with any Request for a document or category of documents, mean embodying, recording, evidencing, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing in any way a subject matter identified in a Request.

7. The words "communication" and "communications" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, telecopy, cable, tape recordings, internet or otherwise, and all written communications.

8. Any reference to a "person" includes a natural person, a partnership, a corporation, a limited liability company, an unincorporated association, a joint venture, a sole proprietorship or any other form of entity.

9. The word "or" is used in the inclusive sense; that is, the word "or" may be read as "and/or."

10. The words "any" and "every" are also used in the inclusive sense; that is, "any" may be read as "any and all," and "every" may be read as "every and all."

11. The use of the singular shall include the plural, and the use of the plural shall include the singular.

12. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

13. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

14. Defendant, Countrywide Bank, FSB (hereafter "Countrywide") means Countrywide and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") means MERS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Countrywide Home Loans, Inc. (hereafter "Countrywide Home Loans") means Countrywide Home Loans and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, CWMBS, Inc., (hereafter "CWMBS") means CWMBS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, The Bank of New York Mellon, (hereafter "Bank of New York") as Trustee for the CHL Mortgage Pass-through trust series 2007-21 (hereafter "Trust") means Bank of New York and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Bank of America, N.A. (hereafter "BOA") means BOA and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

4

## INTERROGATORIES

**INTERROGATORY NO. 1:** Name all member institutions of MERS for whom Stephen C. Porter had the authority to sign as an "assistant secretary" or "assistance vice president" or "vice president" for during 2009.

**ANSWER:**

**INTERROGATORY NO. 2:** Approximately how many Conveyances, Assignments or Releases of mortgages, deeds of trust, and/or mortgage notes were executed in the name of MERS on an average day during 2009 that contained the signature of Stephen C. Porter?

**ANSWER:**

**INTERROGATORY NO. 3:** What employment or agency role did Stephen C. Porter have in Mortgage Contracting Services, LLC, located at 6504 International Parkway, Plano, TX 75093, in years 2009 to 2011?

**ANSWER:**

**INTERROGATORY NO. 4:** State for what years Stephen C. Porter held the title of a MERS' "Assistant Secretary," identify the MERS' corporate documents that authorized Mr. Porter to act as a MERS' "Assistant Secretary" from 2009 to present, and state the job description for an "Assistant Secretary" of MERS.

**ANSWER:**

**INTERROGATORY NO. 5:** Did someone other than Stephen C. Porter sign or affix Mr. Porter's signature to the November 11, 2009 Assignment? See Exhibit A, attached hereto. If yes, identify that person, their employer on November 11, 2009, and how such person had authority from Mr. Porter to sign Mr. Porter's name.

**ANSWER:**

**INTERROGATORY NO. 6:** Did whoever signed or affixed the November 2009 Assignment of Deed of Trust with the signature of Stephen C. Porter do so with Stephen C. Porter's knowledge? See Exhibit A, attached hereto. If yes, explain how Mr. Porter had such knowledge.

**ANSWER:**

**INTERROGATORY NO. 7:** Please give an employment history for Mortgage Electronic Registration Systems "Assistant Secretary" Stephen C. Porter, including but not limited to his Resume and or Curriculum Vitae.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please state whether or not Stephen C. Porter was attorney in fact for either the assignor or the assignee or both, and if he signed for the transaction with the authorization from either or both parties to play the role of dual agent with regard to the November 11, 2009 assignment. See Exhibit A, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 9:** Describe in detail, in your own words, all circumstances, including the room it was signed in, surrounding the execution of the November 11, 2009 assignment. See Exhibit A, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 10:** How many persons were present when the November 11, 2009 assignment was signed? See Exhibit A, attached hereto.  If other persons were present, state the names and current addresses of any witnesses to the signing of this document.

**ANSWER:**

**INTERROGATORY NO. 11:** When was the November 11, 2009 assignment prepared?  Where was the subject document prepared?  Was it prepared in its entirety at that time? See Exhibit A, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 12:** How many copies of the November 11, 2009 assignment were produced? See Exhibit A, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 13:** What are the names and current addresses of any witnesses to the signing of the November 11, 2009 assignment?  See Exhibit A, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 14**: Name all member institutions of MERS for whom Bud Kamyabi had the authority to sign as an "assistant secretary" for during 2011.

**ANSWER:**

**INTERROGATORY NO. 15**: Approximately how many Conveyances, Assignments or Releases of mortgages, deeds of trust, and/or mortgage notes were executed in the name of MERS on an average day during 2011 that contained the signature of Bud Kamyabi?

**ANSWER:**

**INTERROGATORY NO. 16:** State for what years Bud Kamyabi held the title of a MERS' "Assistant Secretary," identify the MERS' corporate documents that authorized Mr. Porter to act as a MERS' "Assistant Secretary" from 2011 to present, and state the job description for an "Assistant Secretary" of MERS.

**ANSWER:**

**INTERROGATORY NO. 17:** Did someone other than Bud Kamyabi sign or affix Mr. Kamyabi's signature to the April 27, 2011 Assignment? See Exhibit M, attached hereto. If yes, identify that person, their employer on April 27, 2011, and how such person had authority from Mr. Kamyabi to sign Mr. Kamyabi's name.

**ANSWER:**

**INTERROGATORY NO. 18:** Did whoever signed or affixed the April 27, 2011 Assignment of Deed of Trust with the signature of Bud Kamyabi do so with Mr. Kamyabi's knowledge? See Exhibit M, attached hereto. If yes, explain how Mr. Kamyabi had such knowledge.

**ANSWER:**

**INTERROGATORY NO. 19:** Please give an employment history for Mortgage Electronic Registration Systems "Assistant Secretary" Bud Kamyabi, including but not limited to his Resume and or Curriculum Vitae.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state whether or not Bud Kamyabi was attorney in fact for either the assignor or the assignee or both, and if he signed for the transaction with the authorization from either or both parties to play the role of dual agent with regard to the April 27, 2011 assignment. See Exhibit M, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 21:** Describe in detail, in your own words, all circumstances, including the room it was signed in, surrounding the execution of the April 27, 2011 assignment. See Exhibit M, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 22:** Where was the physical location that the April 27, 2011 assignment was signed at? See Exhibit M, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 23:** When was the April 27, 2011 assignment prepared? Where was the subject document prepared? Was it prepared in its entirety at that time? See Exhibit M, attached hereto.

**ANSWER:**

**INTERROGATORY NO. 24:** How many persons were present when the April 27, 2011 assignment was signed? See Exhibit M, attached hereto.  If other persons were present, state the names and current addresses of any witnesses to the signing of this document.

**ANSWER:**

**INTERROGATORY NO. 25:** What are the names and current addresses of any witnesses to the signing of the April 27, 2011 assignment?  See Exhibit M, attached hereto.

**ANSWER:**

Respectfully submitted,

**JACKSON & ELROD, LLP**

*/s/   Chad D. Elrod*
**Chad D. Elrod**
*Attorney in Charge*
Texas State Bar No. 24063917
2200 N. Loop W., Ste. 108
Houston, TX 77018
chad@jacksonelrod.com

ATTORNEY FOR PLAINTIFF
RICHARD J. KREWAY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on July 9, 2015 to the following via facsimile.

**Jameson Watts,**
Winston & Strawn, LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
713-651-2600 Telephone
713-651-2700 Facsimile
jwatts@winston.com
*Attorney for Defendants*

*/s/   Chad D. Elrod*
**CHAD D. ELROD**

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD J. KREWAY**<br>    **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CIVIL NO.   5:15-CV-00332-OLG** |
| **COUNTRYWIDE BANK, FSB;**<br>**COUNTRYWIDE HOME LOANS, INC.;**<br>**BANK OF AMERICA, N.A.; THE BANK**<br>**OF NEW YORK MELLON AS TRUSTEE**<br>**FOR THE CHL MORTGAGE PASS-**<br>**THROUGH TRUST SERIES 2007-21;**<br>**CWMBS, INC.; AND MORTGAGE**<br>**ELECTRONIC REGISTRATION**<br>**SYSTEMS, INC. AKA "MERS"**<br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTMENS, INC.

To: Defendant, Mortgage Electronic Registration Systems, Inc., by and through their attorney of record, Jameson Joseph Watts, Winston & Strawn, LLP, 1111 Louisiana St., 25th Floor, Houston, Texas 77002.

Plaintiff, Richard J. Kreway, serves this request for production on Defendant, Mortgage Electronic Registration Systems, Inc., as allowed by Federal Rule of Civil Procedure 34. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 30 days after service, at the law offices of Jackson & Elrod, LLP 2200 North Loop West, Ste., 108 Houston, TX 77018.

These Requests shall be deemed to be continuing, to the full extent required and permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Plaintiff obtains access, custody, possession, or control of any documents not previously produced which are responsive to one or more of these Requests.

## A. Instructions

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

a. When identifying the document, you must state the following:

(1) The nature of the document (e.g., letter, handwritten note).

(2) The title or heading that appears on the document.

(3) The date of the document and the date of each addendum, supplement, or other addition or change.

(4) The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

b. When identifying the person, you must state the following:

(1) The full name.

(2) The present or last known residential address and residential telephone number.

(3) The present or last known office address and office telephone number.

(4) The present occupation, job title, employer, and employer's address.

## Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") and its successors, predecessors, divisions, subsidiaries, present and former officers,

2

agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

3. The term "document" and any similar term are used in the broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic or electrical sound recordings, or transcripts thereof; any retrievable data, files, information or statistics contained on any memory device or other information retrieval systems (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise); and also without limitation, files, books, pamphlets, periodicals, agreements, correspondence, letters, telegrams, reports, plats, plans, drawings, maps, surveys, descriptions, charts, diagrams, graphs, blueprints, logs, take-offs, reproductions, films, photographs, motion pictures, video tapes, computer files, studies, proposals, working papers, notes, notebooks, ledgers, diaries, journals, or other books of account, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, specifications, recordings, telephone call slips, transcripts of telephone conversations, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, bills of lading, receipts, notices, summaries, checks, compilations, work sheets, publications, and published or unpublished speeches or articles in the possession, custody, or control of Defendant wherever located. The terms "document" and "thing" or any other similar terms, shall also include any attachment thereto or enclosure therewith. The term "document" and any other similar term shall also include any and all data compilations from which information can be obtained. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), then each non-identical copy is a separate "document."

4. With respect to any of the documents requested, should any such document be presently unavailable and/or if any such document is not presently in Defendant's possession, please identify each such document, including: (a) the type or character of the document (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document; (c) the name and address of the addressee of the document; (d) the names and addresses of all recipients of copies of the document; (e) all information contained in each such document; (f) the date and circumstance under which each such document ceased to be in Defendant's possession; (g) the reasons each such document was caused to, or happened to, cease to be in Defendant's possession; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained, and having knowledge of such document (and state the substance of such knowledge) and of the circumstances under which each such document ceased to be in Defendant's possession, including their full name, present or last known business and home addresses (including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

5. If there is a claim of privilege with respect to any documents requested, please identify every such document in your response and include in the identification a description of the document, the date of the document, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document, a statement of facts constituting the basis for any claim of privilege, and the specific basis on

which privilege is claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Plaintiff is prepared to negotiate with Defendant an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6. The words "relating to" and all permutations, when used in conjunction with any Request for a document or category of documents, mean embodying, recording, evidencing, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing in any way a subject matter identified in a Request.

7. The words "communication" and "communications" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, telecopy, cable, tape recordings, internet or otherwise, and all written communications.

8. Any reference to a "person" includes a natural person, a partnership, a corporation, a limited liability company, an unincorporated association, a joint venture, a sole proprietorship or any other form of entity.

9. The word "or" is used in the inclusive sense; that is, the word "or" may be read as "and/or."

10. The words "any" and "every" are also used in the inclusive sense; that is, "any" may be read as "any and all," and "every" may be read as "every and all."

11. The use of the singular shall include the plural, and the use of the plural shall include the singular.

12. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

13. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

14. "Subject Documents" refers to the November 11, 2009 assignment, attached hereto as "Exhibit A" and the April 27, 2011 Assignment, attached hereto as "Exhibit M".

15. Defendant, Countrywide Bank, FSB (hereafter "Countrywide") means Countrywide and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") means MERS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Countrywide Home Loans, Inc. (hereafter "Countrywide Home Loans") means Countrywide Home Loans and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

Defendant, CWMBS, Inc., (hereafter "CWMBS") means CWMBS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, The Bank of New York Mellon, (hereafter "Bank of New York") as Trustee for the CHL Mortgage Pass-through trust series 2007-21 (hereafter "Trust") means Bank of New York and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Bank of America, N.A. (hereafter "BOA") means BOA and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

## REQUESTS FOR PRODUCTION

1. All documents relating to Stephen C. Porter's authority to sign documents for any member of MERS.

2. All documents relating to the number of Conveyances, assignments, and releases that Stephen C. Porter signed on a daily basis during 2009.

3. All documents relating to any Texas Penal Code § 37.01(2) charges or civil complaints relating to Stephen C. Porter.

4. All documents relating to the number of Conveyances, assignments, and releases that Texas Notary Public Naomi B. Scott notarized on a daily basis during 2009.

5. All documents relating to Stephen C. Porter's authority to sign documents for Bank of America, N.A.

6. All documents relating to Bud Kamyabi's authority to sign documents for any member of MERS.

7. All documents relating to the number of Conveyances, assignments, and releases that Bud Kamyabi signed on a daily basis during 2011.

8. All documents relating to any Texas Penal Code § 37.01(2) charges or civil complaints relating to Bud Kamyabi.

9. All documents relating to the number of Conveyances, assignments, and releases that California Notary Public Irma Diaz notarized on a daily basis during 2011.

10. All documents relating to Bud Kamyabi's authority to sign documents for Bank of America, N.A.

11. All documents relating to MERS's policy regarding scanning or stamping signatures on Conveyances, assignments, and releases of mortgages on real property to be filed in the public record.

12. All documents relating to BOA's policy regarding scanning or stamping signatures on Conveyances, assignments, and releases of real property to be filed in the public record.

13. All documents relating to policies and practices are in place to protect the original obligor of the Promissory Note and Deed of Trust from the possibility of multiple recoveries, insofar as the Promissory Note and Deed of Trust were assigned multiple times to multiple parties.

14. All documents relating to the Job description of an "Assistant Secretary" of MERS.

15. All documents and organization charts relating to who has authority to direct the activities of Stephen C. Porter, and who Stephen C. Porter has authority over, with regard to the execution or mortgage related documents to be filed in public records.

16. All documents and organization charts relating to who has authority to direct the activities of Bud Kamyabi, and who Bud Kamyabi has authority over, with regard to the execution or mortgage related documents to be filed in public records.

17. All documents relating to MERS's policies on acknowledging signatures on Conveyances, assignments, and releases of mortgages of real property to be filed in the public record.

18. Any and all copies of that instrument which might have been executed as originals.

19. Any carbon copies of the original subject document.

20. Any computer disks or tapes on which the drafts of the subject document are stored.

21. Any meeting notes which would support the purported history of the subject document.

22. Any accounting papers or receipts which would support the purported facts or history of the subject document.

23. Blank examples of the standard forms on which the subject document was prepared.

24. These blank forms are to be examples from approximately the same time period as the subject document.

25. An example of any other document dated at approximately the same time as the subject document, and prepared on like paper stock.

26. An example of any other document dated at approximately the same time as the subject document, and prepared on the same computer printer.

27. An example of any other document dated at approximately the same time as the subject document, and prepared by the same typist.

28. An example of any other document copied on the same copy machine in use at the time that copies were made of the subject document.

7

29. Ten examples of the cursive handwriting of each person who wrote on the subject document. At least one of these examples is to be from normal-course-of-business writings, done at approximately the same time as the subject document.

30. Ten examples of the hand-printing of each person who wrote on the subject document. At least one of these examples is to be from normal course of business printing, done at approximately the same time period as the subject document.

31. Ten examples of the signature for each of the persons who signed on the subject document. At least one of these examples is to be a normal-course-of-business signature, done at approximately the same time period as the subject document.

32. An example of records similar to the subject records, kept by the same persons who prepared the subject records. (For example, in a medical records case, another chart kept by the same nurses and doctors at approximately the same time.)

33. All documents relating to the identity of the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject loan transaction prior to or after closing of the subject loan transaction. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds after or before the closing of the subject loan transaction. Flow of funds, means (a) any record of money received, (b) any record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject loan transaction was ever entered into any category on the balance sheet at any time or times, whether any reserve for default was ever entered on the balance sheet, and whether any entry, report or calculation was made regarding the effect of this loan transaction on the capital reserve requirements of your company.

34. All documents relating to the name, business and residence address, business and residence telephone number, employer, title and job description for all persons who are believed or known by Defendant to have knowledge of any facts that establish that Defendant is the owner of the promissory note that is the subject of this foreclosure and specify the facts about which each person has knowledge.

35. All documents for the history of the mortgage loan, describing on whose behalf mortgage payments were collected and a full description of the disposition of collected mortgage payments specifying the applicable dates collection was made for each such person or entity and specifying the full legal name, address, and phone number of each such party and the applicable dates each such person or entity received the payments and further specify the full legal name, address, and phone number of each such party.

36. Produce all documents related to the job description and employment history for Mortgage Electronic Registration Systems Assistant Secretary Stephen C. Porter, including but not limited to his Resume and or Curriculum Vitae.

37. Produce all documents related to the job description and employment history for Mortgage Electronic Registration Systems Assistant Secretary Bud Kamyabi, including but not limited to his Resume and or Curriculum Vitae.

38. All Powers of Attorney for any person signing any of the documents requested herein; if such person signed as power-of-attorney holder.

39. Produce a copy of the notary registration book for any public notary who certified the signature of any person on any document produced in response to these requests.

40. Produce copies of front/back of all assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Plaintiff to this obligation in this account from the inception of this account to the present date including any such assignment on the Mortgage Electronic Registration System (MERS).

41. Please identify each and every document you obtained or reviewed in connection with your taking assignment of the mortgage and specify for each such document whether you maintain the original or a copy thereof.

42. Produce copies of front/back of all assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by Plaintiff to this obligation in this account from the inception of this account to the present date including any such assignment on the Mortgage Electronic Registration System (MERS).

43. Please identify each and every document you obtained or reviewed in connection with your taking assignment of the mortgage and specify for each such document whether you maintain the original or a copy thereof.

44. All correspondence by and between any Defendants and any person or entity with regard to the subject mortgage loan.

45. All documents in your possession or available to you that establish that Stephen C. Porter, was attorney in fact for either the assignor or the assignee or both, and that he signed for the transaction with the authorization from either party or both parties to play the role of dual agent in the transaction.

46. All documents in your possession or available to you that establish that Bud Kamyabi, was attorney in fact for either the assignor or the assignee or both, and that he signed for the transaction with the authorization from either party or both parties to play the role of dual agent in the transaction.

47. All documents in your possession or available to you that establish that MERS can show proper receipt, possession, transfer, negotiation, assignment and ownership of the borrower's original promissory note along the chain of securitization, resulting in perfection of their security interests and claims.

48. All Powers of Attorney or corporate resolution related to the authority of any person signing any of the documents requested herein.

49. The notary registration book for any public notary who certified the signature of any person on any document referred to herein.

50. Produce all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

51. All written acknowledgments for the receipt of all documents executed by the Assignors and Assignees of the mortgage/Deed of Trust.


Respectfully submitted,

**JACKSON & ELROD, LLP**


*/s/   Chad D. Elrod*
**Chad D. Elrod**
*Attorney in Charge*
Texas State Bar No. 24063917
2200 N. Loop W., Ste. 108
Houston, TX 77018
chad@jacksonelrod.com

ATTORNEY FOR PLAINTIFF
RICHARD J. KREWAY


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on July 9, 2015 to the following via facsimile.

**Jameson Watts,**
Winston & Strawn, LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
713-651-2600 Telephone
713-651-2700 Facsimile
jwatts@winston.com

*Attorney for Defendants*

/s/   *Chad D. Elrod*
**CHAD D. ELROD**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RICHARD J. KREWAY**<br>    **Plaintiff,** | § <br> § <br> § | |
| **v.** | § <br> § | **CIVIL NO.   5:15-CV-00332-OLG** |
| **COUNTRYWIDE BANK, FSB;**<br>**COUNTRYWIDE HOME LOANS, INC.;**<br>**BANK OF AMERICA, N.A.; THE BANK**<br>**OF NEW YORK MELLON AS TRUSTEE**<br>**FOR THE CHL MORTGAGE PASS-**<br>**THROUGH TRUST SERIES 2007-21;**<br>**CWMBS, INC.; AND MORTGAGE**<br>**ELECTRONIC REGISTRATION**<br>**SYSTEMS, INC. AKA "MERS"**<br>    **Defendants.** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTMENS, INC.

To: Defendant, Mortgage Electronic Registration Systems, Inc., by and through their attorney of record, Jameson Joseph Watts, Winston & Strawn, LLP, 1111 Louisiana St., 25th Floor, Houston, Texas 77002.

Plaintiff, Richard J. Kreway, serves this Request for Admissions on Mortgage Electronic Registration Systems, Inc., as allowed by Federal Rule of Civil Procedure 36. Defendant must produce responses to all proffered admissions requests  not more than 30 days after service, at the law offices of Jackson & Elrod, LLP 2200 North Loop West, Ste., 108 Houston, TX 77018.

Answer each request or specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Denials must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

If you fail to respond to these Requests for Admissions within the time allowed, every matter set forth in these Requests may be deemed admitted and conclusively established against you for purposes of this action.

## Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

3. The term "document" and any similar term are used in the broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic or electrical sound recordings, or transcripts thereof; any retrievable data, files, information or statistics contained on any memory device or other information retrieval systems (whether encoded, taped or coded, electrostatically, electromagnetically or otherwise); and also without limitation, files, books, pamphlets, periodicals, agreements, correspondence, letters, telegrams, reports, plats, plans, drawings, maps, surveys, descriptions, charts, diagrams, graphs, blueprints, logs, take-offs, reproductions, films, photographs, motion pictures, video tapes, computer files, studies, proposals, working papers, notes, notebooks, ledgers, diaries, journals, or other books of account, photocopies, memoranda, interoffice communications, minutes, minutes of meetings, instructions, specifications, recordings, telephone call slips, transcripts of telephone conversations, financial statements, financial records, financial memoranda, purchase orders, bills of sale, invoices, bills of lading, receipts, notices, summaries, checks, compilations, work sheets, publications, and published or unpublished speeches or articles in the possession, custody, or control of Defendant wherever located. The terms "document" and "thing" or any other similar terms, shall also include any attachment thereto or enclosure therewith. The term "document" and any other similar term shall also include any and all data compilations from which information can be obtained. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification or notation, are no longer identical), then each non-identical copy is a separate "document."

4. With respect to any of the documents requested, should any such document be presently unavailable and/or if any such document is not presently in Defendant's possession, please identify each such document, including: (a) the type or character of the document (e.g., letter, memorandum, signed statement, notes, etc.); (b) the title, if any, of the document; (c) the name and address of the addressee of the document; (d) the names and addresses of all recipients of copies of the document; (e) all information contained in each such document; (f) the date and circumstance under which each such document ceased to be in Defendant's possession; (g) the reasons each such document was caused to, or happened to, cease to be in Defendant's

possession; (h) the time period during which each such document was maintained; (i) the location of each such document; and (j) the person or persons from whom each such document may be obtained, and having knowledge of such document (and state the substance of such knowledge) and of the circumstances under which each such document ceased to be in Defendant's possession, including their full name, present or last known business and home addresses (including street number, apartment number, city, state, and zip code), and business and home telephone numbers.

5. If there is a claim of privilege with respect to any documents requested, please identify every such document in your response and include in the identification a description of the document, the date of the document, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Plaintiff is prepared to negotiate with Defendant an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6. The words "relating to" and all permutations, when used in conjunction with any Request for a document or category of documents, mean embodying, recording, evidencing, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing in any way a subject matter identified in a Request.

7. The words "communication" and "communications" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, telecopy, cable, tape recordings, internet or otherwise, and all written communications.

8. Any reference to a "person" includes a natural person, a partnership, a corporation, a limited liability company, an unincorporated association, a joint venture, a sole proprietorship or any other form of entity.

9. The word "or" is used in the inclusive sense; that is, the word "or" may be read as "and/or."

10. The words "any" and "every" are also used in the inclusive sense; that is, "any" may be read as "any and all," and "every" may be read as "every and all."

11. The use of the singular shall include the plural, and the use of the plural shall include the singular.

12. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

13. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

14. Defendant, Countrywide Bank, FSB (hereafter "Countrywide") means Countrywide and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") means MERS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Countrywide Home Loans, Inc. (hereafter "Countrywide Home Loans") means Countrywide Home Loans and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, CWMBS, Inc., (hereafter "CWMBS") means CWMBS and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, The Bank of New York Mellon, (hereafter "Bank of New York") as Trustee for the CHL Mortgage Pass-through trust series 2007-21 (hereafter "Trust") means Bank of New York and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries. Defendant, Bank of America, N.A. (hereafter "BOA") means BOA and its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

## ADMISSION REQUESTS

1) Admit that MERS is not a "Servicer" under Texas Law and the Deed of Trust.

2) Admit that MERS is not a "Lender" as defined Deed of Trust in this case.

3) Admit that Stephen C. Porter was attorney in fact for both the assignor and the assignee as identified in "Exhibit A" attached to these requests.

4) Admit that Stephen C. Porter signed "Exhibit A" attached to these requests without any form of authorization from both the assignor and the assignee identified in "Exhibit A" attached to these requests.

5) Admit that the note and deed of trust the subject of this case were assigned multiple times to multiple parties since the origination of the loan.

6) Admit that no valid Power of Attorney document existed granting Stephen C. Porter authority to act for MERS at the time "Exhibit A" attached to these requests was signed.

7) Admit that no valid MERS' Corporate Resolution existed granting Stephen C. Porter authority to act for MERS at the time "Exhibit A" attached to these requests was signed.

8) Admit that no notary registration book for the public notary who notarized the signature of Stephen C. Porter "Exhibit A" attached to these requests exists in the present day.

9) Admit that Naomi B. Scott signed as a notary over five hundred (500) documents relating to conveyances, assignments, and releases of mortgages on a daily basis in the year 2009.

10) Admit that Stephen C. Porter's name was being signed over five hundred (500) times a day in the year 2009 on documents relating to conveyances, assignments, and releases of mortgages.

11) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment (Exhibit A attached hereto) was stamped.

12) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment (Exhibit A attached hereto) was scanned.

13) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the November 11, 2009 Assignment (Exhibit A attached hereto).

14) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit B" to these requests.

15) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit C" to these requests.

16) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit D" to these requests.

17) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit E" to these requests.

18) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit F" to these requests.

19) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit G" to these requests.

20) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit H" to these requests.

21) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit I" to these requests.

22) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit J" to these requests.

23) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit K" to these requests.

24) Admit that an individual other than Stephen C. Porter signed or affixed Stephen C. Porter's signature on the assignment attached as "Exhibit L" to these requests.

25) Admit that Texas Notary Public, Naomi B. Scott, was not in the same room at the same time as Stephen C. Porter when Mr. Porter's signature was signed or affixed to the November 11, 2009 Assignment of Deed of Trust. See Exhibit A, attached hereto.

26) Admit that Stephen C. Porter is now an employee of Bank of America, N.A.

27) Admit that Stephen C. Porter is now legal counsel for Bank of America, N.A.

28) Admit that Stephen C. Porter was an employee of Bank of America, N.A. on November 11, 2009.

29) Admit that Stephen C. Porter was legal counsel for Bank of America, N.A. on November 11, 2009.

30) Admit that Stephen C. Porter is now an employee or agent of Mortgage Electronic Registration Systems, Inc.

31) Admit that Stephen C. Porter was an employee or agent of Mortgage Electronic Registration Systems, Inc. on November 11, 2009.

32) Admit that Stephen C. Porter's signature that appears on the November 11, 2009 Assignment of Mortgage as an "Assistant Secretary" was affixed by a person not Stephen C. Porter.

33) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the June 6, 2011, Assignment of Deed of Trust. See Exhibits A & C, attached hereto.

34) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the March 19, 2009 Assignment of Deed of Trust. See Exhibits A & D, attached hereto.

35) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the April 23, 2008 Assignment of Deed of Trust. See Exhibits A & E, attached hereto.

36) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the April 1, 2008 Assignment of Deed of Trust. See Exhibits A & F, attached hereto.

37) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the November 11, 2009 Assignment of Deed of Trust. See Exhibits A & G, attached hereto.

38) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the February 22, 2010 Assignment of Deed of Trust. See Exhibits A & H, attached hereto.

39) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the February 5, 2010 Assignment of Deed of Trust. See Exhibits A & I, attached hereto.

40) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the June 23, 2009 Assignment of Deed of Trust. See Exhibits A & J, attached hereto.

41) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the October 5, 2009 Assignment of Deed of Trust. See Exhibits A & K, attached hereto.

42) Admit that the signature of Stephen C. Porter on the November 11, 2009 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Stephen C. Porter as "Attorney-in-fact" on the March 24, 2010 Assignment of Deed of Trust. See Exhibits A & L, attached hereto.

43) Admit that the person who signed the November 11, 2009 Assignment did not have authority from Stephen C. Porter to sign it. See Exhibit A, attached hereto.

44) Admit that the party who signed January 12, 2011 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit B, attached hereto.

45) Admit that the party who signed June 6, 2011 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit C, attached hereto.

46) Admit that the party who signed March 19, 2009 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit D, attached hereto.

47) Admit that the party who signed the April 23, 2008 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit E, attached hereto.

48) Admit that the party who signed the April 1, 2008 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit F, attached hereto.

49) Admit that the party who signed the November 11, 2009 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit G, attached hereto.

50) Admit that the party who signed the February 22, 2010 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit H, attached hereto.

51) Admit that the party who signed the February 5, 2010 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit I, attached hereto.

52) Admit that the party who signed June 23, 2009 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit J, attached hereto.

53) Admit that the party who signed October 5, 2009 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit K, attached hereto.

54) Admit that the party who signed March 24, 2010 Assignment of Deed of Trust did not have authority from Stephen C. Porter to sign it. See Exhibit L, attached hereto.

55) Admit that Stephen C. Porter did not have the final authority to decide which conveyances, assignments, and releases he signed on MERS' behalf in year 2009.

56) Admit that Bud Kamyabi was attorney in fact for both the assignor and the assignee as identified in "Exhibit M" attached to these requests.

57) Admit that Bud Kamyabi signed "Exhibit M" attached to these requests without any form of authorization from both the assignor and the assignee identified in "Exhibit M" attached to these requests.

58) Admit that no valid Power of Attorney document existed granting Bud Kamyabi authority to act for MERS at the time "Exhibit M" attached to these requests was signed.

59) Admit that no valid MERS' Corporate Resolution existed granting Bud Kamyabi authority to act for MERS at the time "Exhibit M" attached to these requests was signed.

60) Admit that no notary registration book for the public notary who notarized the signature of Bud Kamyabi "Exhibit M" attached to these requests exists in the present day.

61) Admit that Irma Diaz signed as a notary over five hundred (500) documents relating to conveyances, assignments, and releases of mortgages on a daily basis in the year 2011.

62) Admit that Bud Kamyabi's name was being signed over five hundred (500) times a day in the year 2011 on documents relating to conveyances, assignments, and releases of mortgages.

63) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment (Exhibit M attached hereto) was stamped.

64) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment (Exhibit M attached hereto) was scanned.

65) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the April 27, 2011 Assignment (Exhibit M attached hereto).

66) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the assignment attached as "Exhibit N" to these requests.

67) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the assignment attached as "Exhibit O" to these requests.

68) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the assignment attached as "Exhibit P" to these requests.

69) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the assignment attached as "Exhibit Q" to these requests.

70) Admit that an individual other than Bud Kamyabi signed or affixed Bud Kamyabi's signature on the assignment attached as "Exhibit R" to these requests.

71) Admit that California Notary Public, Irma Diaz, was not in the same room at the same time as Bud Kamyabi when Bub Kamyabi's signature was signed or affixed to the April 27, 2011 Assignment of Deed of Trust. See Exhibit M, attached hereto.

72) Admit that Bud Kamyabi is now an employee of Bank of America, N.A.

73) Admit that Bud Kamyabi was an employee of Bank of America, N.A. on April 27, 2011.

74) Admit that Bud Kamyabi is now an employee or agent of Mortgage Electronic Registration Systems, Inc.

75) Admit that Bud Kamyabi was an employee or agent of Mortgage Electronic Registration Systems, Inc. on April 27, 2011.

76) Admit that Bud Kamyabi's signature that appears on the April 27, 2011 Assignment of Mortgage as an "Assistant Secretary" was affixed by a person not Bud Kamyabi.

77) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Bud Kamyabi as "Assistant Secretary" on the March 12, 2012 Assignment of Deed of Trust. See Exhibits M & N, attached hereto.

78) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Bud Kamyabi as "Assistant Secretary" on the April 2011 Assignment of Deed of Trust. See Exhibits M & O, attached hereto.

79) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Bud Kamyabi as "Assistant Secretary" on the April 27, 2011 Assignment of Deed of Trust. See Exhibits M & P, attached hereto.

80) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Bud Kamyabi as "Assistant Secretary" on the April 27, 2011 Assignment of Deed of Trust. See Exhibits M & Q, attached hereto.

81) Admit that the signature of Bud Kamyabi on the April 27, 2011 Assignment of Mortgage as "Assistant Secretary" of MERS was signed or affixed by the same person that signed or affixed the signature of Bud Kamyabi as "Assistant Secretary" on the April 27, 2011 Assignment of Deed of Trust. See Exhibits M & R, attached hereto.

82) Admit that the person who signed the April 27, 2011 Assignment did not have authority from Bud Kamyabi to sign it. See Exhibit M, attached hereto.

83) Admit that the party who signed the March 12, 2012 Assignment of Deed of Trust did not have authority from Bud Kamyabi to sign it. See Exhibit N, attached hereto.

84) Admit that the party who signed the April 2011 Assignment of Deed of Trust did not have authority from Bud Kamyabi to sign it. See Exhibit O, attached hereto.

85) Admit that the party who signed the April 27, 2011 Assignment of Deed of Trust did not have authority from Bud Kamyabi to sign it. See Exhibit P, attached hereto.

86) Admit that the party who signed the April 27, 2011 Assignment of Deed of Trust did not have authority from Bud Kamyabi to sign it. See Exhibit Q, attached hereto.

87) Admit that the party who signed the April 27, 2011 Assignment of Deed of Trust did not have authority from Bud Kamyabi to sign it. See Exhibit R, attached hereto.

88) Admit that MERS was never the transferee of the promissory note or deed of trust the subject of this litigation for actual valuable consideration.

89) Admit that MERS in this case is not a "mortgagee" under Texas Law.

90) Admit that Bank of America, N.A. does not have authority to act as agent for MERS.

91) Admit that MERS does not have authority to act as agent for Bank of America, N.A.

92) Admit that Bud Kamyabi did not have the final authority to decide which conveyances, assignments, and releases he signed on MERS's behalf in year 2011.


Respectfully submitted,

**JACKSON & ELROD, LLP**


*/s/   Chad D. Elrod*
**Chad D. Elrod**
*Attorney in Charge*
Texas State Bar No. 24063917
2200 N. Loop W., Ste. 108
Houston, TX 77018
chad@jacksonelrod.com

ATTORNEY FOR PLAINTIFF
RICHARD J. KREWAY

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on July 9, 2015 to the following via facsimile.

**Jameson Watts,**
Winston & Strawn, LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
713-651-2600 Telephone
713-651-2700 Facsimile
jwatts@winston.com

*Attorney for Defendants*


/s/  *Chad D. Elrod*
**CHAD D. ELROD**



ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20090031412411
Investor/Loan Type: Conventional

Date of Assignment:     Effective  September 22, 2009

Assignor:     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS

Assignee:     BAC HOME LOANS SERVICING, L.P FORMERLY KNOWN AS COUNTRYWIDE
HOME LOANS SERVICING LP

LT1-81-20090224840-1

Assignee's Mailing Address:     7105 CORPORATE DRIVE
(Including county)               PTX-B-35
                                 PLANO, TX  75024

NOTE and DEED OF TRUST-

Maker/Grantor:     RICHARD JOHN KREWAY

Date:     November 09, 2007

Original Amount:     $ 1,275,000.00

Payee:     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS

Trustee:     G. TOMMY BASTIAN

LT2-14260-1875-3

Recording Information:     VOLUME 13215, PAGE 1900
(Including county)          (BEXAR)

Property (Including any improvements) Subject to Deed of Trust:

LOT 92, BLOCK 2, SUMMERGLEN UNIT 1A (PLANNED UNIT DEVELOPMENT), BEXAR COUNTY, TEXAS,
ACCORDING TO PLAT RECORDED IN VOLUME 9550, PAGE 191, DEED AND PLAT RECORDS, BEXAR
COUNTY, TEXAS.

After Recording Return To:
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX  75001
Attn: NDeX Title Services, LLC

ASSG20090031412411

ASGNDOT rpt - (04/24/08) / Ver-05

Page 1 of 2



EXHIBIT
A

ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20090031412411
Investor/Loan Type: Conventional

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that the lien was valid against the property in the priority indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment and warranty by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS



BY: _____

ITS: _____ Stephen C. Porter, Assistant Secretary

CORPORATE ACKNOWLEDGMENT

State of _____ Texas _____ §

County of _____ Dallas _____ §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed

Given under my hand and seal of office this ____ day of ___**NOV 1 1 2009**___, 2009.

_____
Notary Public Signature

My Commission Expires:

_____
Printed Name of Notary Public

PREPARED BY AND AFTER RECORDING RETURN TO  BDFTE, L.L.P
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT rpt - (04/24/08) / Ver-05

Page 2 of 2

NAOMI B. SCOTT
Notary Public
State of Texas
My Comm. Exp. 09-13-2010

Doc# 20090224848 Fees: $24.00
11/18/2009   11:26AM # Pages 3
Filed & Recorded in the Official Public
Records of  BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Any provision herein which restricts the sale, rental or use of the described real
property because of race or color is invalid and unenforceable under Federal law.
STATE OF TEXAS, COUNTY OF BEXAR.
I hereby Certify that this Instrument was FILED on the Number Sequence on
this date and at the time stamped hereon by me and was duly RECORDED
in the Official Public Record of Real Property of Bexar County, Texas on

NOV 19 2009

COUNTY CLERK BEXAR COUNTY, TEXAS

20110025073
01/18/2011, RP1 $16.00

Prepared by, and upon recording please return to:
**Barrett, Daffin, Frappier, Turner and Engel, LLP**
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001

BDFTE No.: 20110031400032
Loan Type: EQUITY

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, receipt of which is acknowledged, Mortgage Electronic Registration Systems, Inc., as nominee for the lender, its successor and assigns, PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, and existing under the law of Delaware, mortgagee of record of that one certain loan agreement evidenced by a promissory note and security instrument or deed of trust dated 09/03/2008 (the "Loan Agreement"), in the amount of $172,000.00, made or granted by J. SAM LAKEY AND LEESA S. LAKEY (Borrower) and recorded as CLERK'S FILE NO. 20080518859, in the official real property records of HARRIS County, Texas, GRANTS, ASSIGNS, AND TRANSFERS all rights accrued and to accrue under said Loan Agreement to BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, 7105 CORPORATE DRIVE, PTX-B-35 PLANO, TX 75024.

Describing land therein: BEING LOT 6, BLOCK 31 OF SAND CREEK VILLAGE, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 295, PAGE 13, MAP RECORDS, HARRIS COUNTY, TEXAS.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR LENDER AND LENDERS
SUCCESSORS AND ASSIGNS

Executed on **JAN 1 2 2011** to be
effective on: <u>December 24, 2010</u>

By:
Stephen C. Porter, Assistant Secretary

### CORPORATE ACKNOWLEDGEMENT

State of       Texas)
County of     Dallas)

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, Assistant Secretary, of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, known to me to be the person whose name is subscribed to the foregoing instrument and on behalf of said corporation acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of **JAN 1 2 2011** , 2011.
My Commission Expires: <u>2/20/13</u>

Georgia Ann Bradley
Notary Public Signature

**Georgia Ann Bradley**
Printed Name of Notary Public

GEORGIA ANN BRADLEY
Notary Public
State of Texas
My Comm. Exp. 02-20-2013

ASSG20110031400032

HOLD FOR BDF

EXHIBIT
B

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  RP

FILED

2011 JAN 18 PM 2: 01

Stan Stewart

COUNTY CLERK
HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

JAN 18 2011



Stan Stewart

COUNTY CLERK
HARRIS COUNTY, TEXAS

20110237997
06/10/2011 RP1 $16.00

Prepared by, and upon recording please return to:
**Barrett, Daffin, Frappier, Turner and Engel, LLP**
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001

BDFTE No.: 20110031404338
Loan Type: Conventional

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, receipt of which is acknowledged, BANK OF AMERICA, N.A. the mortgagee of record of that one certain loan agreement evidenced by a promissory note and security instrument or deed of trust dated 09/26/2007 (the "Loan Agreement"), in the amount of $384,820.00, made or granted by JOHN ADENIRAN (Borrower) and recorded as CLERK'S FILE NO. 20070614716, in the official real property records of HARRIS County, Texas, GRANTS, ASSIGNS, AND TRANSFERS all rights accrued and to accrue under said Loan Agreement to BAC HOME LOANS SERVICING, LP, 7105 CORPORATE DRIVE, PTX-B-35 PLANO, TX 75024.

Describing land therein: LOT 33 BLOCK 2 OF FALL CREEK, SECTION TEN (10), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 541135 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

BANK OF AMERICA, N.A.

Executed on **JUN 0 6 2011** to be
effective on: May 16, 2011

By:
Stephen C. Porter, Attorney-In-Fact

### CORPORATE ACKNOWLEDGEMENT

State of        Texas §

County of      Dallas §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, Attorney-in-Fact of BANK OF AMERICA, N.A., a corporation, known to me to be the person whose name is subscribed to the foregoing instrument and on behalf of said corporation acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of **JUN 0 6 2011** , 2011.

My Commission Expires:
2/20/13



Notary Public Signature

**Georgia Ann Bradley**
Printed Name of Notary Public

GEORGIA ANN BRADLEY
Notary Public
State of Texas
My Comm. Exp. 02-20-2013

ASGNDOT RPT.rpt • Ver: 21 • 01/27/2011



ASSG20110031404338

 HOLD FOR BDF √√

EXHIBIT
C

RP 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

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

JUN 10 2011

Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

Stan Stanart
2011 JUN 10 PM 2:18
COUNTY CLERK
HARRIS COUNTY, TEXAS,

FILED

Branch :F41,User :AT05                    Comment:                              Station Id :OMH1

INYO, County Recorder
MARY A. ROPER Co Recorder Office
DOC- 2009-0000767-00
Check Number 68648
Wednesday, APR 01, 2009 10:21:59
MIC     $1.00:E21      $0.00:REC     $0.00
SYS     $1.00:EST      $1.00:F
TL1 Pd   $8.00                   Nbr=0003076836
                                 DMD/R1/1-1

Recording requested by:
SERVICELINK, A DIVISION OF CHICAGO
TITLE INSURANCE COMPANY

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

ASSG20090134001964

Trustee Sale No. : 20090134001964       Title Order No.: 4100094

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2007-HE2 all beneficial interest under that certain Deed of Trust dated 10/26/2006, executed by                        as Trustor to CHICAGO TITLE INSURANCE COMPANY, Trustee, and Recorded on 11/30/2006 as Instrument No. 2006-0004926 of Official Records in the County Recorder's office of INYO County, California, Describing land therein: AS DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated          MAR 19 2009                MORTGAGE ELECTRONIC
                                          REGISTRATION SYSTEMS, INC. AS
                                          NOMINEE FOR DECISION ONE
                                          MORTGAGE COMPANY, LLC

                                          Stephen C. Porter, Assistant Secretary

State of      Texas}
County of     Dallas}

Before me  Esther Jean Hernandez the undersigned Notary Public, on this day personally 
appeared Stephen C. Porter, who is the Assistant Secretary of  MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR DECISION ONE MORTGAGE COMPANY, LLC, a corporation, on
behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and
acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of     MAR 19 2009 , 2009

My Commission Expires:
    3-2-2017

ESTHER JEAN HERNANDEZ
Notary Public, State of Texas
My Commission expires
February 2, 2011

Notary Public Signature

Esther Jean Hernandez
Printed Name of Notary Public

Page 1 of 1

INYO,CA
Document: DOT ASN 2009.767                Page 1 of 1                  Printed on 4/30/2012 4:12:56 PM


EXHIBIT
D

Branch :F41,User :ATO8                                Comment                               Station Id :KOK0

2

Recording requested by:
NORTH AMERICAN TITLE COMPANY,
California

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013



05/01/08
**20080768150**

ASSG20080161902532

*Space above this line for Recorder's use only*

Trustee Sale No. : 20080161902532      Title Order No. : 11AR602

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST IBS 2006-WMC1 all
beneficial interest under that certain Deed of Trust dated 04/27/2006, executed
Trustor to WESTWOOD ASSOCIATES, Trustee, and Recorded on 05/04/2006 as Instrument No. 06 0979081 of
Official Records in the County Recorder's office of LOS ANGELES County, California. Describing land therein: AS
**DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.**

Together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

Dated                                              MORTGAGE ELECTRONIC REGISTRATION
                                                    SYSTEMS, INC., AS NOMINEE FOR LENDER
        **APR 2 3 2008**                            AND LENDERS SUCCESSORS AND ASSIGNS

State of      Texas )
County of     Dallas )                              Stephen C. Porter, Assistant Secretary



On    **APR 2 3 2008**      before me,      Sharon L Vaughan
Notary Public, personally appeared Stephen C Porter, Assistant Secretary of MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND
ASSIGNS who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

(If signed and notarized in California):

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.                  SHARON L VAUGHAN
                                                     Notary Public
                                                     State of Texas
Signature _____ (Seal)           My Comm. Exp. 04-03-2010

My commission expires: ____ **APR 3 3 2010**
CAASGNDOT.rpt - (01/25/01) / Ver:12                                         Page 1 of 1

LOS ANGELES,CA                        Page 2 of 2                    Printed on 3/8/2013 11:36:13 AM
Document: AS 2008.768150



EXHIBIT
E

Branch :F41,User :AT05                     Comment:                                    Station Id :G6N5

Recorded in Official Records, County of San Bernardino          4/14/2008
                                                                4:16 PM
**LARRY WALKER**                                                MA
Auditor/Controller – Recorder

680 United Title Co. TBQ

Recording requested by:
LandAmerica United Title Company· CA

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

Doc#: 2008-0165131    Titles: 1    Pages: 1
                                    Fees      11.00
                                    Taxes      0.00
                                    Other      0.00
                                    PAID      $11.00

A55G20080134002905

Space above this line for Recorder's use only

Trustee Sale No.: 20080134002905    Title Order No.: 20081762

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE TRUST AGREEMENT FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2004-6 all beneficial interest under that certain Deed of Trust dated 01/22/2004, executed by . . . . . . as Trustor to TD SERVICE COMPANY, Trustee, and Recorded on 02/06/2004 as Instrument No. 2004-0092490 of Official Records in the County Recorder's office of SAN BERNARDINO County, California  Describing land therein. AS DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated                                    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
                                         INC. AS NOMINEE FOR LENDER AND LENDERS
**APR 0 1 2008**                          SUCCESSORS AND ASSIGNS

                                         _Stephen C. Porter, Assistant Secretary_

State of    Texas)
County of   Dallas)

On ____**APR 0 1 2008**____ before me,  _Daniel Trevino_ ,
Notary Public, personally appeared Stephen C. Porter, Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

(if signed and notarized in California):

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____   (Seal)

My commission expires: ___ **1.3.11**

CAASUNDUT rpt · (01/2505)/ Ver.12

DANIEL TREVINO
Notary Public
State Of Texas
My Comm. Exp 01-03-2011

Page 1 of 1



EXHIBIT
F



ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20090031412411
Investor/Loan Type: Conventional

Date of Assignment:     Effective  September 22, 2009

Assignor:               MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
                        LENDER AND LENDERS SUCCESSORS AND ASSIGNS

Assignee:               BAC HOME LOANS SERVICING, LP FORMERLY KNOWN AS COUNTRYWIDE
                        HOME LOANS SERVICING LP

LT1-01-2009B224848-1

Assignee's Mailing Address:   7105 CORPORATE DRIVE
(including county)            PTX-B-35
                              PLANO, TX  75024

NOTE and DEED OF TRUST--

Maker/Grantor:          RICHARD JOHN KREWAY

Date:                   November 09, 2007

Original Amount:        $ 1,275,000.00

Payee:                  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
                        LENDER AND LENDERS SUCCESSORS AND ASSIGNS

Trustee:                G. TOMMY BASTIAN

LT2-14260-1075-3

Recording Information:  VOLUME 13215, PAGE 1900
(including county)      (BEXAR)

Property (including any improvements) Subject to Deed of Trust:

LOT 92, BLOCK 2, SUMMERGLEN UNIT 1A (PLANNED UNIT DEVELOPMENT), BEXAR COUNTY, TEXAS,
ACCORDING TO PLAT RECORDED IN VOLUME 9550, PAGE 191, DEED AND PLAT RECORDS, BEXAR
COUNTY, TEXAS.

After Recording Return To:
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX  75001
Attn: NDeX Title Services, LLC

ASSG20090031412411

Page 1 of 2

ASGNDO1 mt - (04/24/08) / Ver-05



ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20090031412411
Investor/Loan Type: Conventional

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that the lien was valid against the property in the priority indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment and warranty by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS



BY: _____

ITS: _____
     Stephen C. Porter, Assistant Secretary

CORPORATE ACKNOWLEDGMENT

State of _____ Texas _____ §
County of _____ Dallas _____ §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed

Given under my hand and seal of office this _____ day of ____NOV 1 1 2009____, 2009.

_____
Notary Public Signature

My Commission Expires:

_____        _____
                                Printed Name of Notary Public

PREPARED BY AND AFTER RECORDING RETURN TO  BDFTE, L.L.P
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT rp1 - (04/24/08) / Ver-05                                    Page 2 of 2

NAOMI B. SCOTT
Notary Public
State of Texas
My Comm. Exp. 03-13-2010

Doc# 20090224840 Fees: $24.00
11/18/2009   11:28AM # Pages 3
Filed & Recorded in the Official Public
Records of  BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Any provision which restricts the sale, rental of the encoded real
property because of race or color is now forceable under Federal law.
STATE OF TEXAS, COUNTY OF BEXAS
I hereby Certify that this instrument was FILED in File Number Sequence on
this date and at the time stamped hereon by me and was duly RECORDED
in the Official Public Record of Real Property of Bexar County Texas on

NOV 19 2009

COUNTY CLERK BEXAR COUNTY, TEXAS

Doc# 2010008326

**ASSIGNMENT OF NOTE
AND DEED OF TRUST**

BDFTE No.: 20100187403798
Investor/Loan Type: FNMA
LN:

| | |
|---|---|
| Date of Assignment: | Effective January 22, 2010. |
| Assignor: | JPMORGAN CHASE BANK, N.A. |
| Assignee: | CHASE HOME FINANCE, LLC |
| Assignee's Mailing Address: (including county) | 3415 VISION DR. COLUMBUS, OH 43219 |

NOTE and DEED OF TRUST~

| | |
|---|---|
| Maker/Grantor: | FAITH COLEMAN ANTHONY JONES |
| Date: | January 28, 2008 |
| Original Amount: | $ 375,250.00 |
| Payee: | RESOURCE LENDING GROUP |
| Trustee: | THOMAS F VETTERS |
| Recording Information: (including county) | CLERK'S FILE NO. 2008006146 (BRAZORIA) |

Property (including any improvements) Subject to Deed of Trust:

LOT EIGHTEEN (18), BLOCK ONE (1), FINAL PLAT OF SOUTHERN TRAILS, PHASE 1, SECTION 3, A SUBDIVISION IN BRAZORIA COUNTY, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 2005, PAGE 42725 OF THE MAP RECORDS OF BRAZORIA COUNTY, TEXAS.



ASSG20100187403798

PREPARED BY AND AFTER RECORDING RETURN TO  BDFTE, LLP
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT rpt - (01/14/2010) / Ver-09

Page 1 of 2



EXHIBIT
H

ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20100187403798
Investor/Loan Type: FNMA

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that the lien was valid against the property in the priority indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment and warranty by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

JPMORGAN CHASE BANK, N.A.

By: Barrett Daffin Frappier Turner & Engel, LLP
Its: Attorney in Fact

By:
Name: Stephen C. Porter
Its: Authorized Signatory

CORPORATE ACKNOWLEDGMENT

State of _____Texas_____ §

County of _____Dallas_____ §

Before me, _Teresa M Shellstrom_, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the authorized signatory of Barrett Daffin Frappier Turner & Engel, LLP, as Attorney in-Fact for JPMORGAN CHASE BANK, N.A., a National Banking Association, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ___FEB. 2 2 2010___, 2010.

_____
Notary Public Signature

My Commission Expires:

Teresa M. Shellstrom
Notary Public
State of Texas
My Comm. Exp 09-17-2011

Teresa M. Shellstrom
Printed Name of Notary Public

PREPARED BY AND AFTER RECORDING RETURN TO: BDFTE, LLP
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT rpt - (01/14/2010) / Ver-09

Doc# 2010008326
# Pages 2
03/03/2010   4:09PM
Official Public Records of
BRAZORIA COUNTY
JOYCE HUDMAN
COUNTY CLERK
Fees $20.00

ASSIGNMENT OF NOTE                                      BDFTE No.: 20100331400653
AND DEED OF TRUST                                       Investor/Loan Type: FHLMC

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that at the lien was valid against the property in the penalty indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS

BY: _____

ITS: _____ Stephen C. Porter, Assistant Secretary

CORPORATE ACKNOWLEDGMENT

State of  _____ Texas _____ §
County of _____ Dallas _____ §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ___5___ day of _____, 2010.

My Commission Expires:                          _____
                                                Notary Public Signature

[seal: HOLLIE GUNSAUDER, Notary Public, State of Texas, My Comm. Exp. 00-00-2013]

                                                Printed Name of Notary Public

PREPARED BY AND AFTER RECORDING RETURN TO: BDFTE, LLP
15000 Surveyor Boulevard Suite 100, Addison Texas 75001

ASGNDOT HX (01/14/2010) / Ver-04                                          Page 1 of 1


EXHIBIT
I

Branch :F41,User :AT03                    Comment:                          Station Id :JCZG

7 no 

Recording requested by:
LPS Default Title & Closing

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

DOC # 2009-0334829
06/30/2009 08:00A Fee:12.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

ASSG2009018230724

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| M | A | L | 485 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | | | CTY | UNI | 042 |

Trustee Sale No : 20090182300724    Title Order No : 090403871

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to US BANK, N.A. all beneficial interest under that certain Deed of Trust dated 07/14/2006, executed l                          , as Trust or to PRLAP, INC, Trustee, and Recorded on 07/20/2006 as Instrument No. 2006-0532136 of Official Records in the County Recorder's office of RIVERSIDE County, California. Describing land therein: AS DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated                                    BANK OF AMERICA, N.A.

**JUN 23 2009**

Stephen C. Porter, Attorney-in-Fact

State of      Texas}
County of    Dallas}

Before me, Esther Jean Hernandez          , the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Attorney-in-Fact of BANK OF AMERICA, N.A, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of   JUN 23 2009   2009.

My Commission Expires:
2/2/2011

Notary Public Signature

Esther Jean Hernandez
Printed Name of Notary Public

ESTHER JEAN HERNANDEZ
Notary Public, State of Texas
My Commission expires
February 2, 2011

RIVERSIDE,CA
Document: AS 2009.334820

Page 1 of 1

Printed on 4/23/2012 8:37:05 AM



EXHIBIT
J

20090499580
11/03/2009  RP3  $20.00

**ASSIGNMENT OF NOTE AND DEED OF TRUST**

BDFTE No.: 20090031411837
Investor/Loan Type: FNMA

| | |
|---|---|
| Date of Assignment: | Effective September 16, 2009 |
| Assignor: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS |
| Assignee: | BAC HOME LOANS SERVICING, LP FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING LP |
| Assignee's Mailing Address: (including county) | 7105 CORPORATE DRIVE PTX-B-35 PLANO, TX  75024 |

**NOTE and DEED OF TRUST--**

| | |
|---|---|
| Maker/Grantor: | JORGE JUAREZ |
| Date: | June 30, 2004 |
| Original Amount: | $ 113,729.00 |
| Payee: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS |
| Trustee: | RANDALL C. PRESENT |
| Recording Information: (including county) | CLERK'S FILE NO. X767177 (HARRIS) |

Property (including any improvements) Subject to Deed of Trust:

LOT 25, BLOCK 2, SONOMA RANCH, SEC 2, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 544014 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

After Recording Return To:
Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX  75001
Attn: NDeX Title Services, LLC

ASSG20090031411837

ASGNDOT.rpt - (04/24/08) / Ver-05

Page 1 of 2

BP 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


EXHIBIT
K

ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 200900314411837
Investor/Loan Type: FNMA

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that the lien was valid against the property in the priority indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment and warranty by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS

BY: _____

ITS: _____ Stephen C. Porter, Assistant Secretary _____

CORPORATE ACKNOWLEDGMENT

State of _____ Texas _____ §
County of _____ Dallas _____ §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed

Given under my hand and seal of office this _5_ day of _Oct_ , 2009

My Commission Expires:

Notary Public Signature

SUSAN LYNN LUCERO
Notary Public, State of Texas
My Commission Expires
September 19, 2013

Printed Name of Notary Public

PREPARED BY AND AFTER RECORDING RETURN TO: BDFTE, L.L.P.
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT.rpt - (04/24/08) / Ver-05

Page 2 of 2

RP 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

FILED

2009 NOV -3  AM 10: 25

COUNTY CLERK
HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in the number Sequence on the date and at the
time stamped herein by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris
County Texas on

NOV - 3 2009




COUNTY CLERK
HARRIS COUNTY, TEXAS

RSSIGNMT   2010028392
3 PGS

ASSIGNMENT OF NOTE
AND DEED OF TRUST

BDFTE No.: 20100031405595
Investor/Loan Type: FHLMC

| | |
|---|---|
| Date of Assignment: | Effective February 23, 2010 |
| Assignor: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS |
| Assignee: | BAC HOME LOANS SERVICING, LP FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING LP |
| Assignee's Mailing Address: (including county) | 7105 CORPORATE DRIVE PTX-B-35 PLANO, TX  75024 |

NOTE and DEED OF TRUST--

| | |
|---|---|
| Maker/Grantor: | SHERY LIVINGSTON-WILLIAMS SHERYL LIVINGSTON-WILLIAMS JON WILLIAMS |
| Date: | September 14, 2007 |
| Original Amount: | $ 142,916.00 |
| Payee: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS |
| Trustee: | SCOTT R. VALBY |
| Recording Information: (including county) | CLERK'S FILE NO. 2007116797 (FORT BEND) |

Property (Including any improvements) Subject to Deed of Trust:

LOT NINE (9), IN BLOCK THREE (3), OF TEAL RUN, SECTION SIXTEEN (16), A SUBDIVISION IN FORT BEND
COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN PLAT NO. 20040104 OF
THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

ASSG20100031405595

PREPARED BY AND AFTER RECORDING RETURN TO: BDFTE, LLP
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASONDOT rp1 - (01/14/2010) / Ver-09

STATE OF TEXAS
COUNTY OF FORT BEND
I, Dianne Wilson, County Clerk of Fort Bend County, Texas, do hereby
certify that the foregoing is a true and correct copy as the same appears
on file and recorded in the appropriate records.  Note: A portion of a
personal identifying number may have been redacted as allowed by law.

Dianne Wilson, County Clerk
Fort Bend County, Texas
August 26, 2013





EXHIBIT
L

ASSIGNMENT OF NOTE                                    BDFTE No.: 20100031405595
AND DEED OF TRUST                                     Investor/Loan Type: FHLMC

WHEREAS, on the date of assignment indicated above, for value received, Holder of the Note and Deed of Trust transferred and assigned each to Assignee, and warranted that the lien was valid against the property in the priority indicated; and

WHEREAS, the Holder of the Note and Deed of Trust and the Assignee desire to evidence and memorialize such transfer and assignment and warranty by this document;

NOW THEREFORE, for value received Holder of the Note and Deed of Trust does hereby evidence and memorialize its transfer and assignment of the Note and Deed of Trust to Assignee on the date of assignment indicated above.

When the context requires, singular nouns and pronouns include the plural.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
LENDER AND LENDERS SUCCESSORS AND ASSIGNS

BY: _____

ITS: _____ Stephen C. Porter, Assistant Secretary

CORPORATE ACKNOWLEDGMENT

State of _____ Texas _____ §
County of _____ Dallas _____ §

Before me, the undersigned Notary Public, on this day personally appeared Stephen C. Porter, who is the Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS, a corporation, on behalf of said corporation, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _24_ day of _March_ , 2010.

_____
My Commission Expires:                        Notary Public Signature

                                             Georgia Ann Bradley
                                             Printed Name of Notary Public

GEORGIA ANN BRADLEY
Notary Public, State of Texas
My Commission Expires
February 20, 2013

PREPARED BY AND AFTER RECORDING RETURN TO: BDFTE, LLP
15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001

ASGNDOT.rpt - (01/14/2010) / Ver-09                                    Page 2 of 2

STATE OF TEXAS
COUNTY OF FORT BEND
I, Dianne Wilson, County Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on file and recorded in the appropriate records. Note: A portion of a personal identifying number may have been redacted as allowed by law.



Dianne Wilson, County Clerk
Fort Bend County, Texas
August 26, 2013

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dianne Wilson*

2010 Apr 09 02:16 PM                    2010026392
JW $15.00
Dianne Wilson COUNTY CLERK
FT BEND COUNTY TEXAS

STATE OF TEXAS
COUNTY OF FORT BEND

I, Dianne Wilson, County Clerk of Fort Bend County, Texas, do hereby
certify that the foregoing is a true and correct copy as the same appears
on file and recorded in the appropriate records.  Note: A portion of a
personal identifying number may have been redacted as allowed by law.



*Dianne Wilson*
Dianne Wilson, County Clerk
Fort Bend County, Texas
August 26, 2013

Book  14940  Page 685 2pgs    Doc# 20110072494

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

DocID# 72218164389413105

Property Address:
24811 PARVIEW CIR
San Antonio, TX 78258
TX0-ADT 12687033       4/27/2011

Recording Requested By:
Bank of America
Prepared By:
Cecilia Rodriguez
888-603-9011
450 E. Boundary St.
Chapin, SC 29036

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN #: 1001337-0002657188-8          MERS Phone #  888-679-6377

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W.
34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto BAC
HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME  LOANS SERVICING, LP whose
address is BAC CORP OWNED ASSET, SIMI VALLEY,CA 93065 all beneficial interest under that certain
Deed of Trust described below together with the note(s) and obligations therein described and the money due and
to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | COUNTRYWIDE BANK, F.S.B. |
| Borrower(s): | RICHARD JOHN KREWAY, AN UNMARRIED MAN |
| Original Trustee: | G. TOMMY BASTIAN |
| Date of Deed of Trust: | 11/9/2007 |
| Original Loan Amount: | $1,275,000.00 |

Recorded in Bexar County, TX on: 11/13/2007, book N/A, page N/A and instrument number 20070266307

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
4/27/11

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _Bud Kamyabi_
Bud Kamyabi, Assistant Secretary

State of California
County of Ventura

On April 27, 2011 before me, Irma Diaz, Notary Public, personally appeared Bud Kamyabi, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person
(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_Irma Diaz_
Notary Public: Irma Diaz                    (Seal)
My Commission Expires: 9/13/2014

IRMA DIAZ
Commission # 1903998
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014



EXHIBIT

M

Doc# 20110072494
# Pages 2
04/28/2011   15:15:17 PM
e-Filed & e-Recorded in the
Official Public Records of
BEXAR COUNTY
GERARD RICKHOFF COUNTY CLERK

Fees 16.00

STATE OF TEXAS
COUNTY OF BEXAR
This is to Certify that this document
was e-FILED and e-RECORDED in the Official
Public Records of Bexar County, Texas
on this date and time stamped thereon.
04/28/2011   15:15:17 PM
COUNTY CLERK, BEXAR COUNTY TEXAS



Doc# 2012010862

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

DocID# 20435696689920847

**Property Address:**
8723 Meadow Breeze Ln
Rosharon, TX 77583-2070

**Recording Requested By:**
Bank of America
**Prepared By:**
Diana De Avila
888-603-9011
480 E. Boundary St.
Chapin, SC 29036

**When recorded mail to:**
CoreLogic
480 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

MIN # 100059600080288132        MERS Phone # 888-679-6377

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 1901 E. Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP whose address is 8200 JONES BRANCH DR, MCLEAN, VA 22102 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust

| | |
|---|---|
| **Original Lender:** | UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC |
| **Borrower(s):** | ZEPHREE A. BRINSON, AN UNMARRIED WOMAN |
| **Original Trustee:** | SCOTT R. VALBY |
| **Date of Deed of Trust:** | 8/28/2003 |
| **Original Loan Amount:** | $113,400.00 |

Recorded in Brazoria County, TX on: 9/8/2003, book N/A, page N/A and instrument number 03 096740

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

MAR 1 2 2012

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Bud Kamyabi
Assistant Secretary



State of California
County of Ventura

On ___MAR 1 2 2012___ before me, _____Tony Rushing_____, Notary Public, personally
appeared _____Bud Kamyabi_____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public ____Tony Rushing____     (Seal)
My Commission Expires: 5-16-15

TONY RUSHING
Commission # 1936606
Notary Public - California
Los Angeles County
My Comm. Expires May 16, 2015

e-Recording
Doc# 2012010862
# Pages 3
03/14/2012   08:57:22 AM
Official Public Records of
BRAZORIA COUNTY
JOYCE HUDMAN
COUNTY CLERK
Fees 20.00

4/22/11 10118181
BK 1 BK 3,295 PG 340
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

| This space for Recorder's use | | |
| --- | --- | --- |
| Recording Requested By: | When recorded mail to: | |
| Bank of America | CoreLogic | |
| Prepared By: | 450 E. Boundary St. | |
| Mercedes Judilla | Attn: Release Dept. | |
| 866-483-0011 | Chapin, SC 29036 | |
| 450 E. Boundary St. | | |
| Chapin, SC 29036 | | |

DocID# 10923601930103638

Tax ID: 806108890001810 0

Property Address:
10044 LOFTIN DRIVE
Olive Branch, MS 38664

**ASSIGNMENT OF DEED OF TRUST**

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP whose address is 451 7TH ST.SW #B-133, WASHINGTON DC 20410 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:      TAYLOR, BEAN & WHITAKER MORTGAGE CORP.
Borrower(s):          CHRISTY CRAFT
Original Trustee:     SELECT TITLE AND ESCROW
Date of Deed of Trust: 9/15/2008     Original Loan Amount: $147,166.00
Recorded in DESOTO County, MS on: 9/16/2008, book 2,938, page 638 and instrument number N/A

Property Legal Description:
LOT 101, SECTION D, FAIRHAVEN ESTATES SUBDIVISION, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 69, PAGES 35 AND 36, IN THE CHANCERY CLERK'S OFFICE OF DESOTO COUNTY, MISSISSIPPI, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY. THIS PROPERTY IS SITUATED IN SECTIONS 2 AND 3, TOWNSHIP 3 SOUTH, RANGE 6 WEST, CITY OF OLIVE BRANCH, DESOTO COUNTY, MISSISSIPPI, HAVING A STREET ADDRESS OF: 10044 LOFTIN DRIVE, OLIVE BRANCH, MS 38654

Indexing Instructions: Lot(s): 101 Block(s): NA Subdivision: FAIRHAVEN ESTATES Town: OLIVE BRANCH

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Bud Kamyabi, Assistant Secretary



EXHIBIT

CFN # 110018552, OR BK 47885 Page 1029, Page 1 of 1, Recorded 09/02/2011 at
07:20 AM, Broward County Commission, Deputy Clerk ERECORD

Recording Requested By:
Bank of America
Prepared By: Debbie Niebles
818-463-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

Doc ID# 69013980198013652
Property Address:
6471 SW 9th St
Pembroke Pines, FL 33023

MIN #: 1000157-0006933993-0          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 3300 S.W. 34TH
AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto BAC HOME
LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP whose address is 7105
WORLD GATE DR HERNDON, VA 20170 all beneficial interest under that certain Mortgage described below
together with the note(s) and obligations therein described and the money due and to become due thereon with interest
and all rights accrued or to accrue under said Mortgage.

Original Lender:          AMERICA'S WHOLESALE LENDER
Original Borrower(s):     CLAUDENE D MATTOX, A MARRIED WOMAN, AND VALDECY MATTOX
Date of Mortgage:         6/20/2006
Original Loan Amount:     $375,000.00
Recorded in Broward County, FL on: 7/17/2006, book OR 43400, page 864 and instrument number 104363931

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
4/28/11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____          By: _____
Bud Kamyabi                             Luis Kollian
Assistant Secretary                     Assistant Secretary

Witness: Cynthia Santos                 Witness: Beverly Brooks

State of California
County of Ventura

On April 27, 2011 before me, Irma Diaz, Notary Public, personally appeared Bud Kamyabi and Luis
Kollian, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____       (Seal)
Notary Public: Irma Diaz
My Commission Expires: 9/13/2014

IRMA DIAZ
Commission # 1903988
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014


EXHIBIT
P

CFN # 110015061, OR BK 47885 Page 1102, Page 1 of 1, Recorded 05/02/2011 at
07:21 AM, Broward County Commission,   Deputy Clerk ERECORD

Recording Requested By:
Bank of America
Prepared By: Debbie Niubbis
888-603-9611
When recorded mail to:
CoreLogic
450 E. Boundary St.
Chapin, SC 29036

DocID# 191144943506852 44

Property Address:
1630 NW 61 ST #303
Coconut Creek, FL 33073
FL0-ASG [11/30/02]   4/06/2011]

MIN #: 1000157-0007223392-3      MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL, 34474 does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-23 whose address is 101 BARCLAYS ST 4W, NEW YORK, NY 10286

all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:      AMERICA'S WHOLESALE LENDER
Original Borrower(s):   CRIS EMEILA A PANALIGAN, A SINGLE WOMAN
Date of Mortgage:   10/18/2006
Original Loan Amount:   $146,731.00
Recorded in Broward County, FL on: 11/30/2006, book OR 43141, page 1041 and instrument number 106611489

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on

4/27/11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: Bud Kamyabi
Bud Kamyabi
Assistant Secretary

By: Luis Roldan
Luis Roldan
Assistant Secretary

Witness: Cynthia Saotis

Witness: Beverly Brooks

State of California
County of Ventura

On April 27, 2011 before me, Irma Diaz, Notary Public, personally appeared Bud Kamyabi and Luis Roldan, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: Irma Diaz      (Seal)
My Commission Expires: 9/13/2014

IRMA DIAZ
Commission # 1863069
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014

EXHIBIT
Q

CFN # 110015998, OR BK 47885 Page 1271, Page 1 of 1, Recorded 08/02/2011 at
08:25 AM, Broward County Commission, Deputy Clerk ERECORD

Recording Requested By:
Bank of America
Prepared By: Debbie Niebles
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID# 13782509134168

Property Address:
2730 PADDOCK ROAD
Weston, FL 33331

MIN #: 1000157-0005881318-8        MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

(For Value Received, the undersigned holder) of a "Mortgage (herein "Assignor") whose address is 3300 S.W. 34th
Avenue, Suite 101 Ocala FL 34474 does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS OF
CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-OA4, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-OA4 whose address is 101 BARCLAY STYEW, NEW YORK NY 10286 all
beneficial interest under that certain Mortgage described below together with the note(s) and obligation(s) therein
described and the money due and to become due thereon with interest and all rights accrued or to accrue under said
Mortgage.

Original Lender:          COUNTRYWIDE HOME LOANS, INC.
Original Borrower(s):     TUSHAR PATEL, A MARRIED MAN, JOINED BY HIS WIFE BHAANA
                          SWANSON PATEL
Date of Mortgage:         1/26/2006
Original Loan Amount:     $1,400,000.00
Recorded in Broward County, FL on: 2/1/2006, book OR 41574, page 161 and Instrument number 105745618

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____          By: _____
Bud Kamyabi                    Lala Haidan
Assistant Secretary            Assistant Secretary

_____              _____
Witness Cynthia Santos         Witness Beverly Brooks

State of California
County of Ventura

On April 27, 2011 before me, Irma Diaz, Notary Public, personally appeared Bud Kamyabi and Lala
Haldan, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____          (Seal)        IRMA DIAZ
Notary Public: Irma Diaz                 Commission # 1925886
My Commission Expires: 9/13/2014         Notary Public - California
                                         Ventura County
                                         My Comm. Expires Sep 13, 2014



EXHIBIT
R